[Cite as *In re E.G.*, 2013-Ohio-495.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   98652

# IN RE:   E.G., ET AL.

# MINOR CHILDREN

# [Appeal by S.F., Mother]

## JUDGMENT:
## REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. PR 12703234 and PR 12703235

**BEFORE:**   Boyle, P.J., E.A. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   February 14, 2013

**ATTORNEYS FOR APPELLANT**

Robert J. Dubyak
Joseph T. Gorman, Jr.
Anthony J. Trzaska
Dubyak Connick Sammon
Thompson & Bloom, LLC
3401 Enterprise Parkway, Suite 205
Cleveland, Ohio   44122-7341


**ATTORNEY FOR APPELLEE**

Brian C. Nelson
9 Corporation Center
Broadview Heights, Ohio   44147

MARY J. BOYLE, P.J.:

{¶1} Plaintiff-appellant, S.F. ("mother"), appeals from a judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division, denying her motion to reconsider its dismissal of her complaint to establish parent-child relationship. She raises two assignments of error for our review:

> [1.] The trial court erred and abused its discretion in making its decision on jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ["UCCJEA"], R.C. 3127.01 et seq., without a prior evidentiary hearing and a full explanation of the disputed facts essential to its determination.
>
> [2.] The trial court erred and abused its discretion in dismissing Plaintiff's Complaint for lack of subject matter jurisdiction despite evidence establishing that Ohio is, was, and always has been the home state of Plaintiff and the children.

{¶2} Finding merit to her appeal, we reverse the judgment of the trial court and remand.

### Procedural History and Factual Background

{¶3} Mother filed a complaint to establish parent-child relationship in the Cuyahoga County Juvenile Court on February 27, 2012. In the complaint, mother asserted that she had two minor children, one born in 2007 and one born in 2009. Mother stated that although paternity had never been established, N.G. ("father") was the natural father of the two minor children. Mother further stated that she and father were never married. In her UCCJEA affidavit, mother averred that father lived in Virginia, but that the children had lived with her in Cleveland, Ohio since their respective births.

**{¶4}** On March 20, 2012, father filed a petition for custody in Virginia. Ten days later, father moved to dismiss mother's Ohio complaint for lack of subject matter jurisdiction pursuant to Civ.R. 12(B)(1), alleging that Virginia was the home state of the two minor children.

**{¶5}** On May 25, 2012, the Cuyahoga County Juvenile Court judge held a hearing with all parties and counsel present. The judge indicated that she had spoken to the Virginia judge presiding over father's custody action. The judge said that she learned from speaking with the Virginia judge that father had acknowledged paternity in the Virginia action. The judge informed the parties that based on the pleadings filed by father in Virginia, she believed that mother and father had a leasehold property in Virginia. The judge also indicated that the Virginia judge believed that it would be in the best interest of the children for the case to be decided in Virginia because the case would be finalized before the children began school in the fall, whereas in Ohio, the court indicated that it would take much longer to finalize the case. The judge then sua sponte dismissed mother's custody complaint "in accordance with the UCCJEA" for the matter to proceed in Virginia.

**{¶6}** In its judgment entry, the trial court stated:

> Pursuant to Civ.R. 12(B)(1) and in consultation with the assigned judge from the state of Virginia, and review of all pleadings before each court, the court finds that there is reasonable cause to believe that the child resided in the state of Virginia more than six months prior to the commencement of the action herein; that the alleged father acknowledges paternity before the Virginia court; and that based on the significant contacts that the child has in the state of Virginia, the court can reasonably infer that the Virginia court would be a court of competent jurisdiction.

Therefore, it is the decision of the court, having reviewed this matter with the jurist of the other court, that the state of Virginia is the home state of the child; and that this matter may proceed expediently before the Virginia court, this court finds that said expediency would serve the best interest of the child, child's sibling, and the family.

{¶7} Subsequently, the trial court dismissed mother's complaint.

{¶8} Mother moved the trial court to reconsider its dismissal and requested an evidentiary hearing. The trial court denied mother's motion. Mother appeals the denial of her motion and the dismissal of her complaint.

## Jurisdiction

{¶9} Normally, a trial court's decision regarding child custody issues are reviewed by an appellate court under the abuse of discretion standard. *Baxter v. Baxter*, 9th Dist. No. 10CA009927, 2011-Ohio-4034, ¶ 6, quoting *Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988). An appellate court, however, reviews issues relating to subject matter jurisdiction de novo, as such a determination is a matter of law. *In re K.R.J.*, 12th Dist. No. CA2010-01-012, 2010-Ohio-3953, ¶ 16.

{¶10} R.C. 2151.23(F)(1) authorizes a juvenile court to exercise jurisdiction in custody matters in accordance with R.C. 3127.01 to 3127.53 of the UCCJEA. As the title of the act suggests, R.C. Chapter 3127 sets forth a series of standards and definitions for determining when an Ohio court has jurisdiction, as opposed to a court of another state, to issue a child custody decision. The primary purpose of the UCCJEA is "'to avoid jurisdictional competition and conflict with courts of other jurisdictions'" in custody matters. *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 244, 2008-Ohio-853, 883

N.E.2d 420, ¶ 20, quoting *In re Palmer*, 12 Ohio St.3d 194, 196, 465 N.E.2d 1312 (1984). The UCCJEA gives "'jurisdictional priority and exclusive continuing jurisdiction to the home state.'" (Citation omitted.) *Id.* In order to strengthen the certainty of home-state jurisdiction, the UCCJEA eliminates the review of subjective factors, such as the child's best interest, from the original jurisdictional inquiry that existed in the former version of the UCCJEA. *Id.* at ¶ 21. Further, R.C. 3127.15(A) "is the exclusive jurisdictional basis for making a child custody determination by a court of this state." R.C. 3127.15(B).

{¶11} The UCCJEA, as codified in Ohio, provides four types of initial child-custody jurisdiction: (1) home-state jurisdiction, (2) significant-connection jurisdiction, (3) jurisdiction because of declination of jurisdiction, and (4) default jurisdiction. R.C. 3127.15(A)(1)-(4). *Rosen* at ¶ 31.

{¶12} Specifically, R.C. 3127.15(A) provides that, with exceptions not relevant here, a court in Ohio has jurisdiction to make an initial decision in a child custody proceeding only if one of the following applies: (1) (a) Ohio is the home state of the child on the date the proceeding commenced, or (b) Ohio was the home state of the child within six months before the proceeding's commencement, the child is absent from Ohio, and a parent or guardian continues to live in Ohio; (2) a court of another state does not have jurisdiction as the child's home state or a court of the child's home state has declined to exercise jurisdiction because Ohio is the more appropriate forum and both of the following are true: (a) the child and one of her parents has a "significant connection" with

Ohio other than mere physical presence; and (b) substantial evidence is available in Ohio concerning her care, protection, training, and personal relationships; (3) all courts having jurisdiction as a home state or as a "significant connection" state have declined to exercise jurisdiction on the ground that a court of Ohio is the more appropriate forum; or (4) no court of any other state would have jurisdiction under (1), (2), or (3).

{¶13} R.C. 3127.01(B)(7) defines "home state" as the

> state in which a child lived with a parent * * * for at least six consecutive months immediately preceding the commencement of a child custody proceeding * * *. A period of temporary absence of any of them is counted as part of the six-month or other period.

{¶14} Although R.C. 3127.01(B)(7) refers to "at least six consecutive months immediately preceding the commencement" of a child custody proceeding, the Ohio Supreme Court has held that for purposes of determining the child's "home state" under the UCCJEA, the six-consecutive-month period includes not only the six months *immediately* preceding the commencement of a child custody proceeding, but can also occur "within" the six months before the commencement of the child custody proceeding. *See Rosen*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420. Put another way, a child's home state is where the child lived for six consecutive months ending within the six months before the child custody proceeding was commenced. *See id.* at ¶ 41-42 (Ohio Supreme Court granted father's writ of prohibition to prevent an Ohio judge from preceding on mother's custody action that she filed four months after moving to Ohio with the children; the Supreme Court held that West Virginia was the children's "home state" because they had only lived in Ohio for four months, but had lived in West Virginia

for six consecutive months "within" the six-month period before the commencement of mother's custody action.).

{¶15} R.C. 3127.09, entitled "Communications between courts," governs communications between courts in different states regarding proceedings arising under R.C. 3127.01 to 3127.53. It provides that "a court of this state may communicate with a court of another state concerning" issues that arise under the UCCJEA. R.C. 3127.09(A). The statute also provides that the court may give the parties the opportunity to participate in the communication, but it does not require such participation. *See* R.C. 3127.09(B). Further, the statute mandates that "a record shall be made" of this communication, except for matters concerning scheduling, calendars, and court records, and the parties shall be promptly informed of the communication and granted access to said record. R.C. 3127.09(C) and (D).

## Analysis

{¶16} Mother argues that Ohio is, and always has been, the children's home state. She maintains that they were born at Lakewood Hospital and have lived with her in Cleveland, at the same address, since their respective births. She points to several facts establishing that her residence has always been in Ohio, including the fact that she has an Ohio driver's license, her automobile has an Ohio title, she files Ohio and federal taxes as an Ohio resident, and she owns a tax-preparation business with several locations throughout the city of Cleveland, as well as a restaurant franchise in Cleveland.

**{¶17}** Mother explains in her affidavit opposing father's motion to dismiss that, because her tax-preparation business is only busy during tax season, she has the ability to travel throughout the remainder of the year. As a result, she and the children travel to Virginia often to visit father and other friends and relatives. But she asserts that these visits were only "temporary absences" and that she returned monthly to her home during these absences.

**{¶18}** Conversely, father asserts in his motion to dismiss mother's Ohio complaint, that up until mother filed her complaint in Ohio, he and mother shared custody of the children and lived in both Virginia and Ohio. Father states that he and mother had an agreement that they would live primarily in Virginia once their oldest child reached the age of three and entered preschool. Prior to that, father avers that he and mother lived in Virginia during the summer and in Ohio during tax season. According to father, once the oldest child attained the age of three, the child entered preschool in Virginia, as they had planned. Father states that the children lived in Virginia from April 8, 2010 to December 23, 2010. He states that the children moved to Ohio on December 24, 2010 until April 23, 2011. He then claims that they returned to Virginia on April 24, 2011, where they lived until November 1, 2011, when mother brought them back to Ohio.

**{¶19}** According to father, when mother filed her custody complaint in Ohio, the children had only lived in Ohio for four months. Prior to that, they had lived in Virginia for over six consecutive months. Thus, father maintains that Virginia is the children's home state under the UCCJEA.

**{¶20}** After reviewing the record, we agree with mother that the trial court erred when it dismissed her complaint without holding an evidentiary hearing because the facts regarding where the children lived are in dispute. The trial court could not determine whether Ohio or Virginia was the children's "home state" at the time mother filed her custody complaint in Ohio — not based on mother's pleadings in Ohio or father's pleadings in Virginia or their affidavits or by talking to the Virginia judge for that matter — because again, the facts are in dispute.

**{¶21}** If the trial court determines, after holding an evidentiary hearing, that the children did, in fact, live in Virginia from April 24, 2011 to November 1, 2011, as father claims they did, then the Cuyahoga County Juvenile Court lacks jurisdiction to determine the action because Virginia would be the children's "home state" under the UCCJEA. *See Rosen*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420.

**{¶22}** If, however, the trial court determines that the children lived in Ohio — with only "temporary absences" from home — then Ohio is the children's "home state" for purposes of jurisdiction under the UCCJEA. We recognize that the statute does not define "temporary absence," but common sense dictates that the plain meaning of "temporary absence" is leaving the state for short, limited time periods.[1] If the children left Ohio for six months or more — half of the year — that does not equate to a short, limited absence.

---

[1]"Temporary" is defined as "lasting for a limited time." *American Heritage Dictionary* 843 (4th Ed.2001).

**{¶23}** Mother asserts that the children have significant connections to Ohio. But "significant connections" are only relevant when no other state has "home state" jurisdiction or the other state is the "home state," but the court in the "home state" declined to exercise its jurisdiction because it determined it is not convenient to do so. *See* R.C. 3127.15(A)(2). Here, either Ohio or Virginia is the "home state," depending on the trial court's decision regarding the disputed facts. Thus, "significant connections" are irrelevant in this case.

**{¶24}** We further note that the trial court here improperly relied on its discussion with the Virginia judge regarding what would be in the children's best interest. As the Ohio Supreme Court explained in *Rosen*, the UCCJEA "eliminates a determination of 'best interests' of a child from the original jurisdictional inquiry." *Id.* at ¶ 21. There is also no indication that the trial court recorded its conversation with the Virginia judge, as required under R.C. 3127.09(D) and (E), such that the parties could be granted access to the recording.

**{¶25}** Mother's two assignments of error are sustained.

**{¶26}** Judgment reversed. This case is remanded for the trial court to hold an evidentiary hearing to determine whether Ohio or Virginia is the "home state" of the children.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


MARY J. BOYLE, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR