[Cite as *State ex rel. N.G. v. Cuyahoga Cty. Court of Common Pleas*, 2014-Ohio-4390.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101425**

# STATE OF OHIO, EX REL., N.G.

RELATOR

vs.

# CUYAHOGA COUNTY COURT OF COMMON PLEAS, JUVENILE DIVISION, ET AL.

RESPONDENT

**JUDGMENT:**
WRIT GRANTED

Writ of Prohibition
Motion No. 476840
Order No. 478127

**RELEASE DATE:** September 30, 2014

**FOR RELATOR**

Brian C. Nelsen
9 Corporation Center
Broadview Heights, Ohio    44147

**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    T. Allan Regas
        Charles E. Hannan
Assistant County Prosecutors
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113

KENNETH A. ROCCO, J.:

{¶1} Relator, N.G., filed this writ of prohibition seeking to prevent respondents, Judge Alison Floyd, and the Cuyahoga County Court of Common Pleas, Juvenile Division, from exercising jurisdiction with respect to S.F.'s ("mother") complaint to establish a parent-child relationship between two minor children and N.G., their alleged father. Relator maintains that respondents' continued exercise of jurisdiction is unauthorized by law and conflicts with the jurisdiction that has already been exercised by the Arlington Juvenile and Domestic Relations District Court of the Commonwealth of Virginia (the "Virginia court") over his petition for an allocation of parental rights of the same minor children wherein N.G. acknowledged paternity. For the reasons that follow, we find that respondents patently and unambiguously lack jurisdiction to proceed in the juvenile cases because there is a child-custody case that is already pending in a court of another state involving these parties, that court is exercising jurisdiction consistently with the state's version of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), and that court made the initial custody determination. Relator is entitled to the requested writ of prohibition for the reasons that follow.

{¶2} On February 27, 2012, mother filed her complaint with respondent court and the matter was assigned to the respondent judge. On March 20, 2012, relator filed a petition seeking allocation of parental rights in the Virginia court. Relator filed a motion to dismiss the Ohio action on the grounds that Virginia was the "home state" pursuant to R.C.

3127.15. According to an order from the Virginia court dated May 8, 2012, respondent judge communicated with the Virginia court on April 30, 2014, which indicated that father had "admitted paternity of the children," that the children had lived in Arlington at least 6 of the last 12 months, and that the two courts had determined that Virginia was the home state and the more convenient forum.[1]

{¶3} Respondent judge issued a journal entry on May 29, 2012 and included among her findings that "the alleged father acknowledges paternity before the Virginia court" and that "Virginia is the home state of the child." The order further provided that "there was reasonable cause to believe" that the children "had resided in the State of Virginia more than six months prior to the commencement of the action", that there were "significant contacts with the State of Virginia" and "that Virginia would be a court of competent jurisdiction."

{¶4} Based on the determinations by the Ohio and Virginia courts, which had decided that Virginia was the home state and the more convenient and most expeditious forum to address the custody issue under the circumstances, respondent judge dismissed mother's complaint on May 29, 2012.

{¶5} On June 5, 2012, the Virginia court issued an initial custody determination.

---

[1] The parties have submitted various court orders and documents as evidentiary materials for our consideration. Since the parties raise no objection to the authenticity of these documents and we find them to be reliable, we consider them in ruling on this matter. *Accord In the matter of B.P.*, 11th Dist. Trumbull No. 2011-T-0032, 2011-Ohio-2334, ¶ 2; *see also France v. Celebrezze*, 8th Dist. Cuyahoga No. 98147, 2012-Ohio-2072, ¶ 6, citing Evid.R. 201(B).

The Virginia court order reflects, "All provisions of the Juvenile and Domestic Relations District Court Law have been duly complied with in assuming jurisdiction over the child, and all determinations have been made in accordance with the standards set forth in Virginia Code § 16.1-278.4, § 16.1-278.5, § 16.1-278.6 or § 16.2-278.8 or § 16.1-278.15 and §§ 20-124.1 through 20.124.10." The Virginia court ordered "joint legal custody of [the children] is hereby granted to the parents with primary physical custody with father. Liberal visitation with mother and half of the summer."

{¶6} Mother moved the Ohio court to reconsider its dismissal, which was denied on June 28, 2012. Mother filed an appeal to this court on July 5, 2012, *In re*: *E.G.,* 8th Dist. Cuyahoga No. 98652, 2013-Ohio-495. Father did not file a timely brief and this court denied his motion for an extension of time to file a brief after the case had already been scheduled for oral argument. Paternity was not an issue in the appeal and this court noted that "father had acknowledged paternity in the Virginia action." *Id*. at ¶ 5. This court found that the juvenile court, however, had erred by dismissing the complaint without holding an evidentiary hearing to resolve the dispute over where the children had resided. Specifically, the opinion provides: "If the trial court determines, after holding an evidentiary hearing, that the children did, in fact, live in Virginia from April 24, 2011 to November 1, 2011, as father claims they did, then the Cuyahoga County Juvenile Court lacks jurisdiction to determine the action because Virginia would be the children's 'home state' under the UCCJEA * * * if, however, the trial court determines that the children lived in Ohio — with only 'temporary absences' from home — then Ohio is the children's

'home state' for purposes of jurisdiction under the UCCJEA." *Id*. at ¶ 21-22. The opinion was released on February 13, 2014. The Virginia court's June 5, 2012 order was not mentioned in the opinion and would not have been a part of the appellate record because mother's complaint was dismissed before the Virginia court issued the initial custody determination.

**{¶7}** On March 13, 2014, respondent judge held a hearing to determine jurisdiction and found Ohio is the home state based on the following rationale:

> It is undisputed that at the time of the child's birth in the state of Ohio, the parties were not married. Despite father's presence at the hospital for the birth of the child, mother asserts in her complaint that she is seeking an order of the court to establish the existence of a parent-child relationship between [father] and the child.

> The court finds that no clear and convincing evidence was presented by either party to show that or how paternity was established for the child. Pursuant to R.C. 3109.42 [sic, should be 3109.042], an unmarried female who gives birth to a child is the sole residential parent and legal custodian of the child until a court of competent jurisdiction issue an order designating another person as the residential parent and legal custodian of the child.

> * * *

> The Court therefore finds and concludes that the state of Ohio is the home state of the mother and the child; and that in accordance with R.C. 3127.15(A)(1), this Court finds that it has jurisdiction over the parties and to determine the issues.

Respondent judge ordered the matter to be scheduled for pretrial and paternity establishment pending hearing on the merits of mother's complaint.

**{¶8}** N.G. filed this original action seeking to afford Virginia's initial custody determination full faith and credit by issuing a writ of prohibition preventing respondents

from exercising jurisdiction in *In Re: E.G. & Y.G.*, Cuyahoga C.P. Nos. PR-12703234 and PR-12703235. Relator's complaint avers that copies of the Virginia court orders were admitted into evidence during the jurisdictional evidentiary hearing and respondents do not dispute it. There is no dispute that respondent judge's May 29, 2014 order has created a multi-state jurisdictional conflict between the Ohio and Virginia courts that are concurrently exercising jurisdiction over the same custody dispute.

{¶9} In order for this court to issue a writ of prohibition, relator is required to demonstrate each prong of the following three-part test: (1) respondent is about to exercise judicial power; (2) the exercise of judicial power by respondent is not authorized by law; and (3) there exists no other adequate remedy in the ordinary course of the law. *State ex rel. Florence v. Zitter*, 106 Ohio St.3d 87, 2005-Ohio-3804, 831 N.E.2d 1003, ¶ 14. The third element requiring proof of a lack of an adequate remedy at law is not necessary when the lack of judicial authority to act is patent and unambiguous. *Id*. at ¶ 16.

{¶10} The purpose of the UCCJEA is to avoid jurisdictional conflicts between the states in custody matters. *Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, 883 N.E.2d 420, ¶ 21 (the UCCJEA gives "jurisdictional priority and exclusive continuing jurisdiction to the home state.")

{¶11} R.C. 3127.33(A) provides that

"[a] court of this state shall recognize and enforce a child custody determination of a court of another state if that state exercised jurisdiction in substantial conformity with this chapter or the determination was made under factual circumstances meeting the jurisdictional standards of this chapter and the determination has not been modified in accordance with this chapter."

{¶12} R.C. 3127.15 governs the jurisdiction of the Ohio court to make an initial custody determination as follows:

(A) Except as otherwise provided in section 3127.18 of the Revised Code, a court of this state has jurisdiction to make an initial determination in a child custody proceeding only if one of the following applies:

(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.

(2) A court of another state does not have jurisdiction under division (A)(1) of this section or a court of the home state of the child has declined to exercise jurisdiction on the basis that this state is the more appropriate forum under section 3127.21 or 3127.22 of the Revised Code, or a similar statute of the other state, and both of the following are the case:

(a) The child and the child' parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.

(b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.

(3) All courts having jurisdiction under division (A)(1) or (2) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under section 3127.21 or 3127.22 of the Revised Code or a similar statute enacted by another state.

(4) No court of any other state would have jurisdiction under the criteria specified in division (A)(1), (2), or (3) of this section.

(B) Division (A) of this section is the exclusive jurisdictional basis for making a child custody determination by a court of this state.

(C) Physical presence of, or personal jurisdiction over, a party or a child is

not necessary or sufficient to make a child custody determination.

"Home state" is defined as: "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately preceding the commencement of a child custody proceeding and, if a child is less than six months old, the state in which the child lived from birth with any of them. A period of temporary absence of any of them is counted as part of the six-month or other period." R.C. 3127.01(B)(7). "'Initial determination' means the first child custody determination concerning a particular child." R.C. 3127.01(B)(8).

{¶13} Virginia's codified UCCJEA is substantially similar to Ohio's statutory version of it. *See Va.Code §§ 20-146.1 and 20-146.12.*

{¶14} It is undisputed that the Virginia court made the initial custody determination. Under both Ohio and Virginia law, a court that has made the initial child custody determination consistent with the UCCJEA has exclusive and continuing jurisdiction as long as the child, the child's parents, or any person acting as a parent continue to live in the state. R.C. 3127.16; Va.Code 20-146.13; *Rosen v. Celebrezze*, 2008-Ohio-853, ¶ 21. Father continues to live in Virginia.

{¶15} Although this court in *In re E.G.* reversed the dismissal of mother's complaint and remanded for a jurisdictional hearing to resolve a factual dispute over where the children had been living, the implications of the Virginia court having exercised jurisdiction based upon the determination that Virginia was the home state were unknown and, therefore, were not addressed. On remand, relator presented evidence of the Virginia court's initial determination. Respondent judge did not address the factual dispute or attempt to determine the home state as directed by this court's mandate in *In re: E.G.*, nor is there any explanation why the Virginia court's determination of Virginia as the home

state was ignored.[2] Respondent judge, however, issued an order declaring that Ohio was the home state pursuant to "R.C. 3109.42"[3] finding that mother was an unmarried mother and paternity had not been established by clear and convincing evidence.

{¶16} R.C. 3109.042 provides:

> An unmarried female who gives birth to a child is the sole residential parent and legal custodian of the child *until a court of competent jurisdiction issues an order designating another person as the residential parent and legal custodian.* A court designating the residential parent and legal custodian of a child described in this section shall treat the mother and father as standing upon an equality when making the designation.

(Emphasis added.)

{¶17} Respondent's May 29, 2014 order does not mention the Virginia court order that found paternity had been established or respondent's own prior order (dated May 25, 2012) that found father had acknowledged paternity in the Virginia action, or this court's opinion that also noted father had acknowledged paternity in the Virginia action. *In re E.G.*, 2013-Ohio-495, ¶ 5. Under Virginia law, a parent and child relationship can be established by scientifically reliable genetic tests, by acknowledgement, or by court order. *See* Va.Code 20-49.1 and 20-49.8. The Virginia court is a court of competent jurisdiction and issued an order on June 5, 2012, that designated joint legal custody to both parents

---

[2] Presuming regularity, the Virginia court obviously resolved the factual dispute between the parties over where the children had been living in relator's favor and there is no indication that mother ever challenged or appealed that ruling in Virginia.

[3] We presume respondent intended to reference R.C. 3109.042, which addresses custody rights of an unmarried mother. R.C. 3109.42 establishes that a parent who is convicted of killing the other parent is ineligible for custody of a child.

with primary physical custody to relator. Accordingly, the provision of R.C. 3109.042 which would designate mother, who is unmarried, as the sole residential parent and legal custodian became inapplicable on June 5, 2012. Respondent did not offer any basis for disregarding the Virginia court's initial custody determination order.

{¶18} The Virginia court's order is entitled to full faith and credit. R.C. 3127.43; R.C. 3127.20; *see also*, *In re B.P.* 11th Dist. Trumbull No. 2011-T-0032, 2011-Ohio-2334, ¶ 64 (Oklahoma's custody order had not been vacated, stayed or modified and was, therefore, entitled to full faith and credit under Ohio law); *see also State ex rel. Morenz v. Kerr*, 104 Ohio St.3d 148, 2004-Ohio-6208, 818 N.E.2d 1162 (holding Ohio court patently and unambiguously lacks jurisdiction to proceed in a child-custody case when a child-custody case is already pending in a court of another state and that court is exercising jurisdiction consistently with the law); *see also State ex rel. Seaton v. Holmes*, 100 Ohio St.3d 265, 2003-Ohio- 5897, 798 N.E.2d 375 (holding Ohio court patently and unambiguously lacked jurisdiction over post-decree child custody motions even though father had returned to live in Ohio because all of the parties had previously moved from Ohio).

{¶19} It is well settled that the drafters of the UCCJEA intended it to "be construed to promote one of its primary purposes of avoiding the jurisdictional competition" and that is the primary purpose of the act. *Rosen*, 2008-Ohio-853, ¶ 38, 41. The Virginia court that has considered relator's petition for custody is exercising jurisdiction in conformity with UCCJEA. Respondent's failure to acknowledge the Virginia court's intitial custody

determination order and afford it full faith and credit created the exact situation that the UCCJEA aims to avoid — a multi-state jurisdictional conflict in a child custody matter. Respondents, in their motion for summary judgment, recognize that the Virginia court's order is the initial determination that "complicates" the circumstances because such an order generally creates exclusive and continuing jurisdiction in the court that issued it. Respondents, however, question whether the order was issued "consistent with" the Virginia court's jurisdiction to do so under the Virginia Code due to a reference concerning the best interests of the child in the court's custody order. However, the Virginia court's record of proceedings dated May 8, 2012, reflects that jurisdiction had been previously determined pursuant to the UCCJEA and after the Virginia judge had engaged in communications with respondent judge as required by Va.Code § 20-149.9. Virginia was deemed the home state based on the children having lived in Arlington at least 6 of the last 12 months. There is no indication that the Virginia court exercised jurisdiction inconsistent with its authority to do so.

{¶20} Respondents' exercise of jurisdiction in this matter is not a mere error in the determination of its jurisdiction that can be adequately remedied by a later appeal. Respondents are patently and unambiguously without jurisdiction based on the UCCJEA. Relator is entitled to a writ of prohibition. The writ of prohibition is granted and respondents' motion for summary judgment is denied. Respondents are prohibited from proceeding in the Ohio child-custody matters of *In re: E.G. & Y.G.*, Cuyahoga C.P. Nos. PR-12703234 and PR-12703235, and respondents are directed to vacate all orders entered

on and after March 13, 2014.   Respondents to pay costs. Costs waived.

{¶21} This court directs the clerk of courts to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶22} Writ granted.


_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, A.J., and
SEAN C. GALLAGHER, J., CONCUR