**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. N.G. v. Cuyahoga Cty. Court of Common Pleas, Juvenile Div.*, Slip Opinion No. 2016-Ohio-1519.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-1519

THE STATE EX REL. N.G., APPELLEE, *v.* CUYAHOGA COUNTY COURT OF COMMON PLEAS, JUVENILE DIVISION, ET AL., APPELLEES; S.F., APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. N.G. v. Cuyahoga Cty. Court of Common Pleas, Juvenile Div.*, Slip Opinion No. 2016-Ohio-1519.]**

*Child custody—Interstate dispute over jurisdiction in custody case—Postjudgment motion to intervene—Mother not made party to prohibition action by father seeking to prevent Ohio court from exerting jurisdiction—Denial of mother's motion to intervene was error—Mother was necessary party under Civ.R. 24(A).*

(No. 2015-0363—Submitted December 15, 2015—Decided April 14, 2016.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 101425, 2014-Ohio-4390.

_____

**Per Curiam.**

{¶ 1} This case is the appeal of the denial of a motion to intervene and motion for relief from judgment filed by the mother in a prohibition case arising from a custody dispute. The motions were filed after the Eighth District granted a writ of prohibition sought by relator-appellee N.G. to prohibit respondents-appellees the Juvenile Division of the Cuyahoga County Common Pleas Court and Judge Alison L. Floyd from continuing to exercise jurisdiction over the custody of his two minor children. The underlying dispute is whether the Ohio juvenile court or a court in Virginia has jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), codified in Ohio at R.C. Chapter 3127. Appellant, S.F., the children's mother, asserts that Ohio is the children's home state for purposes of the UCCJEA, while N.G. asserts that Virginia is the home state. While the jurisdictional issue was initially worked out between the courts of Ohio and Virginia, S.F. objected to that decision as being based on false information, and the Ohio court then found that the children's home state is Ohio.

{¶ 2} N.G. filed this action in prohibition in the court of appeals, asserting that the Ohio juvenile court lacked jurisdiction to proceed with a custody determination because the Virginia court had already taken jurisdiction and determined custody. S.F., who was not named as a party in N.G.'s prohibition action, claims that she had no knowledge of the case. No one moved that she be joined as a necessary party, and the court of appeals granted the writ. After the writ was granted, S.F. filed motions to intervene and for relief from judgment, both of which were denied. S.F. appealed to this court.

{¶ 3} The court of appeals erred in not granting S.F.'s motion to intervene. We reverse, order the court of appeals to grant S.F.'s motion to intervene, and remand to the court of appeals for a hearing on the merits. We also deny N.G.'s motions to strike, to dismiss, and to impose sanctions.

*Facts*

**Custody actions**

{¶ 4} In February 2012, S.F. filed a complaint in the Cuyahoga County Court of Common Pleas, Juvenile Division ("the Ohio court"), seeking to establish paternity and an allocation of parental rights with regard to her two minor children. *See In re E.G.*, 8th Dist. Cuyahoga No. 98652, 2013-Ohio-495, ¶ 3. S.F. and N.G. were never married. N.G. lived in Virginia, but S.F. alleged in her complaint that the children had lived in Ohio with her since their births.

{¶ 5} On March 20, 2012, N.G. filed a petition for custody in the Juvenile and Domestic Relations District Court for Arlington County, Virginia ("the Virginia court"). On March 30, 2012, N.G. moved to dismiss S.F.'s complaint in the Ohio court for lack of subject-matter jurisdiction, asserting that Virginia had "home state" jurisdiction. N.G. filed an affidavit to support his pleadings in the Ohio case, which was used to form the basis of N.G.'s jurisdictional argument. But according to S.F., N.G.'s affidavit claimed incorrectly that the children had resided in Virginia for six months before he filed his petition. This is significant because the UCCJEA defines "home state" as the state in which a child has lived with a parent for at least six consecutive months before the custody proceedings were commenced. R.C. 3127.01(B)(7). *See also* Va.Code Ann. 20-146.1.

{¶ 6} In April 2012, the Ohio and Virginia courts consulted each other and decided that based on N.G.'s affidavit, Virginia was the children's "home state" under the UCCJEA.

{¶ 7} The Ohio court, without conducting an evidentiary hearing and relying on the pleadings only, granted N.G.'s motion to dismiss S.F.'s Ohio case. S.F. moved for reconsideration, but the Ohio court denied the motion.

{¶ 8} The Virginia court issued an order on June 5, 2012, granting joint legal custody to S.F. and N.G. and granting N.G. primary physical custody of the parties' minor children. S.F. appealed that order.

**Appeal of Ohio dismissal:**

{¶ 9} While the June 5, 2012 custody order in Virginia was outstanding, S.F. appealed the dismissal of the Ohio case to the Eighth District. In February 2013, the Eighth District reversed the dismissal and ordered the Ohio court to hold an evidentiary hearing to resolve the disputed facts regarding the children's "home state." *In re E.G.*, 8th Dist. Cuyahoga No. 98652, 2013-Ohio-495, ¶ 20-26.

**Actions in Ohio and Virginia during S.F.'s appeal and on remand:**

{¶ 10} The Circuit Court of Arlington County issued a visitation order in July 2013, but it stayed S.F.'s appeal of the June 5, 2012 custody order to permit the Ohio court to hold the evidentiary hearing ordered by the Eighth District on whether Ohio or Virginia was the children's home state, stating that the issue was "unresolved." The order also held that the June 5, 2012 custody order was to remain in full force and effect during the stay.

{¶ 11} In accordance with the Eighth District's opinion, the Ohio court held an evidentiary hearing in March 2014. At the hearing, N.G. admitted that the dates of the children's residency he provided to the Ohio court in his affidavit were unintentionally incorrect. Thus, the children were apparently in Virginia less than the six months he had claimed. In April 2014, the Ohio court found that Ohio is the home state of the parties' children and ordered their return to Ohio, but did not explicitly base the decision on N.G.'s corrected residence information.

{¶ 12} Following the Ohio court's April 2014 decision, the Virginia circuit court granted S.F.'s motion to dismiss her appeal of the June 5, 2012 custody order on May 23, 2014. In its dismissal order, the circuit court acknowledged the Ohio court's determination in April 2014 that Ohio was the home state of the parties' minor children and that the Ohio court had scheduled a June 12, 2014 pretrial to determine issues of custody and visitation. The circuit court vacated its July 2013 visitation order, but did not explicitly dismiss N.G.'s custody case, concede jurisdiction to the Ohio courts, or vacate the original custody order.

**The original action:**

{¶ 13} On May 22, 2014, N.G. filed this original action in prohibition in the Eighth District against the Ohio court and Judge Floyd, seeking an order prohibiting them from exercising jurisdiction over the matter of custody.  N.G. claimed that Virginia is the proper jurisdiction to resolve the parties' petitions for custody. In September 2014, the Eighth District issued an opinion and order granting the writ and prohibiting the Ohio court from exercising jurisdiction over the custody determination. The court of appeals decided that because the Virginia court had made the initial custody determination in June 2012, it acquired exclusive and continuing jurisdiction over the case as long as the child or a parent continued to live in Virginia.  2014-Ohio-4390, at ¶ 14.  The court of appeals acknowledged that when it reversed and remanded for a hearing in *In re E.G.*, it was not aware of the Virginia custody decision.  *Id.* at ¶ 6.

{¶ 14} However, the Eighth District was apparently not informed by N.G. of the May 2014 dismissal order in the Virginia circuit court or of the facts adduced at the Ohio hearing, including the inaccuracy in N.G.'s affidavit regarding the children's residence.

{¶ 15} S.F. was also not a named party in the prohibition case.  S.F. claims that she was not aware of the case until just over two weeks after the writ was granted.  One week later, on October 23, 2014, she filed a motion to intervene as well as an emergency motion for relief from the judgment.  In a journal entry in January 2015, the Eighth District denied both of S.F.'s motions, reasoning that the Virginia court's June 5, 2012 custody order and a later September 2014 order enforcing that order are entitled to full faith and credit unless vacated, stayed, or modified by a court having jurisdiction to do so.  S.F timely appealed the Eighth District's judgment.

*Analysis*

**Motions to strike and to dismiss:**

{¶ 16} N.G. moves to strike S.F.'s notice of appeal and to dismiss the case. N.G. asserts that S.F.'s failure to name and serve the Ohio court and Judge Floyd in her notice of appeal amounts to a jurisdictional defect sufficient to strike the notice of appeal and dismiss the appeal.

{¶ 17} S.Ct.Prac.R. 3.11(E)(1) provides that if an appellant fails to serve a party, "any party adversely affected may file a motion to strike the document that was not served." N.G. cannot and does not argue that he is adversely affected by the failure to serve the respondents. He was properly served. S.Ct.Prac.R. 3.11(E)(2) provides that if "the movant was not adversely affected, [this court] may deny the motion to strike."

{¶ 18} Moreover, there is no requirement that the appellees be named in order to perfect a notice of appeal. In an appeal as of right, S.Ct.Prac.R. 6.01(B) requires only that the notice of appeal state the name of the court whose judgment is being appealed, the case name and number assigned by the court, the date of the entry of the judgment being appealed, and where the case originated. The rule does not require that an appellee be named. S.Ct.Prac.R. 3.07(B) requires that the cover page of any document filed with the court provide the name of each appellee, but the rule does not govern the perfection of an appeal, nor is it jurisdictional.

{¶ 19} We deny the motion to strike.

**Motion to intervene in the prohibition action:**

{¶ 20} S.F. appeals from the Eighth District's denial of her postjudgment motion to intervene in the prohibition case. We reverse.

{¶ 21} The standard of review for a motion to intervene is abuse of discretion. *State ex rel. Merrill v. Ohio Dept. of Natural Resources,* 130 Ohio St.3d 30, 2011-Ohio-4612, 955 N.E.2d 935, ¶ 41. However, the Eighth District issued a brief entry in which it did not analyze the motion to intervene under the relevant

rules. Rather, it reiterated its merits findings of September 30, 2014, and its conclusion that the Virginia court being the proper forum, its orders are entitled to full faith and credit, and Ohio has no jurisdiction to proceed.

**{¶ 22}** S.F. moved to intervene under Civ.R. 24(A), which sets forth the criteria for intervention of right. It states:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

S.F. has an interest relating to the property or transaction that is the subject of the action: her fundamental constitutional right to make decisions concerning the care, custody, and control of her children. *Troxel v. Granville*, 530 U.S. 57, 66, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000); *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 372, 696 N.E.2d 201 (1998). The disposition of the prohibition action without her participation could impair her ability to protect that interest, and her interest was not "adequately represented" by N.G., who is adverse to her, or by the respondent court and judge, who have no relationship to her or her children. S.F. thus meets the substantive factors for intervention of right under Civ.R. 24(A)(2).

**{¶ 23}** N.G. argues that under Civ.R. 24(A), S.F. did not file her motion to intervene "timely." In *State ex rel. First New Shiloh Baptist Church v. Meagher*, 82 Ohio St.3d 501, 696 N.E.2d 1058 (1998), this court laid out five factors for determining whether a motion to intervene is timely:

"(1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention."

*Id.* at 503, quoting *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1228 (6th Cir.1984).

{¶ 24} The factors as applied to this case do not lead to a clear result. On the one hand, the purpose of intervention was to protect S.F.'s right to the care and custody of her children and to present evidence about the false basis for Virginia's jurisdiction to the court; these are obviously important purposes. The prejudice to the original parties due to the proposed intervention is minimal. The respondent judge and court certainly were not prejudiced by the proposed intervention, since they have no personal stake in the outcome other than an additional case on the docket. N.G. can hardly claim prejudice when he filed a prohibition case as part of lengthy litigation regarding the custody of the children and did not name S.F., the children's mother, as a party. He should have reasonably expected S.F. to intervene at some point to protect her interests.

{¶ 25} On the other hand, the case had already progressed to judgment, and as N.G. points out, courts rarely allow intervention after judgment. *First New Shiloh,* 82 Ohio St.3d at 503-504, 696 N.E.2d 1058. The parties disagree as to when S.F. or her attorneys became aware of the prohibition case. S.F. claims that neither she nor her counsel was notified of the writ proceedings, and the writ was

captioned using only N.G.'s initials, which concealed N.G.'s identity. N.G. counters that S.F. or her counsel were aware of the prohibition action in plenty of time for her to have intervened before the court decided the case. Evidence in the record on this issue is contradictory, but S.F. and her Ohio counsel assert under oath that they had no knowledge of the prohibition action until after the writ was issued. Virginia counsel asserts under oath that he was never given a copy of the prohibition pleading.

**{¶ 26}** S.F. was not officially served with the action or made a party, even though she clearly had an important interest in the outcome of the action. S.F. should have been joined as a necessary party under Civ.R. 19(A):

> A person who is subject to service of process shall be joined as a party in the action if * * * (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest * * *. If he has not been so joined, the court shall order that he be made a party upon timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7).

S.F. has a strong interest relating to the subject of the action—that is, an interest in which court has jurisdiction over the custody of her children—and is so situated that the disposition of the action in her absence definitely impairs and impedes her ability to protect that interest.

**{¶ 27}** Moreover, a party's failure to join an interested and necessary party constitutes a jurisdictional defect that precludes the court from rendering a judgment in the case. *State ex rel. Doe v. Capper*, 132 Ohio St.3d 365, 2012-Ohio-2686, 972 N.E.2d 553, ¶ 15, citing *Portage Cty. Bd. of Commrs. v. Akron,* 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 99. A case that so profoundly affects

the fundamental right to custody and care of her children could not have been properly decided without joining S.F. as a necessary party.

**Appeal on the merits**

{¶ 28} A nonparty who seeks intervention under Civ.R. 24 and is denied intervention may appeal only the issue of intervention. *State ex rel. Sawicki v. Lucas Cty. Court of Common Pleas*, 121 Ohio St.3d 507, 2009-Ohio-1523, 905 N.E.2d 1192, ¶ 18. Having found that in S.F.'s favor on that issue, we remand to the court of appeals for a hearing and determination on the merits of the prohibition action with S.F. as a party.

**Motion for sanctions:**

{¶ 29} N.G. filed a motion for sanctions against S.F. and her attorneys, asserting that they lied about various factual and legal matters in the case. We deny the motion.

{¶ 30} N.G. first asserts that S.F. and her attorneys falsely stated that the June 5, 2012 custody order from Virginia had been vacated. However, the status of that order is legally ambiguous. Following the Ohio court's April 2014 decision holding that Ohio is the children's home state, the Virginia circuit court issued an order dismissing S.F.'s appeal in May 2014. That order was issued in light of (1) the Ohio court's determination that Ohio was the home state of the parties' minor children and (2) the Ohio court's scheduling of a pretrial conference to determine issues of custody and visitation. The Virginia court vacated the July 2013 visitation order but did not concede jurisdiction to the Ohio courts or vacate the original custody order. It is not outside the bounds of permissible argument to assert that this order had the effect of vacating the Virginia court's June 5, 2012 custody order.

{¶ 31} N.G. asserts that S.F. and her attorneys falsely stated that they were unaware that a prohibition action had been filed. The facts are contradictory as to whether S.F. and her attorneys knew of the prohibition case in time for her to have timely intervened, but S.F. submitted affidavits from both her Ohio and Virginia

attorneys asserting that they were unaware of the case. The statements do not justify sanctions.

{¶ 32} Similarly, it is not sanctionable conduct for S.F.'s attorneys to brief and argue the merits even though S.F. may technically only appeal the denial of a motion to intervene. *Sawicki at* ¶ 18. We deny the motion for sanctions.

*Conclusion*

{¶ 33} We deny the motions to dismiss, to strike, and to impose sanctions. We reverse the court of appeals' denial of S.F.'s motion to intervene and remand for a hearing on the merits of the petition.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

LANZINGER, J., concurs in judgment only.

_____

Brian C. Nelsen and Richard C. Landoll, for appellee N.G.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellees Cuyahoga County Court of Common Pleas, Juvenile Division, and Judge Alison L. Floyd.

Dubyak Nelson, L.L.C., Robert J. Dubyak, and Christina C. Spallina, for appellant.

_____