[Cite as *Waynesburg Holdings, L.L.C. v. Wells Fargo Bank, N.A.*, 2019-Ohio-4764.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| WAYNESBURG HOLDINGS, LLC, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Intervenor - Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| WELLS FARGO BANK, N.A., | : | Case No. 2019CA00015 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:       Appeal from the Stark County Court
                              of Common Pleas, Case No. 2012
                              CV 1294

JUDGMENT:                     Affirmed

DATE OF JUDGMENT:             November 18, 2019

APPEARANCES:

For Intervenor-Appellant                For Plaintiff

ROBERT B. PRESTON III                   JAMES L. ALLEN
WHITNEY L. WILLITS                      SCOTT LESSER
Black, McCuskey, Souers & Arbaugh       Miller Canfield Paddock and Stone, P.L.C.
220 Market Ave. S. Suite 1000           840 W. Long Lake Road, Suite 150
Canton, Ohio 44702                      Troy, MI 48098

For Appellees James S. Giannneli and    For Receiver The Hayman Company, LLC
Staci Jo Woolf
                                        ROBERT STEFANCIN
JAMES T. ROBERTSON                      Witmer & Ehrman, LLC
236 3rd St. SW                          2344 Canal Road, Suite 1701
Canton, Ohio 44702                      Cleveland, Ohio 44113

*Baldwin, J.*

{¶1}   Appellant Waynesburg Holdings, LLC appeals from the January 2, 2019 and January 18, 2019 Judgment Entries of the Stark County Court of Common Pleas.

STATEMENT OF THE FACTS AND CASE

{¶2}   On April 24, 2012, appellee Wells Fargo Bank, N.A. filed a complaint seeking foreclosure of its leasehold mortgage on commercial property. The property was a retail strip mall. Appellee, in its complaint requested judgment against Waynesburg Centre, Ltd. and its owner, Galen Oakes, on his personal guarantee. In addition, appellee, as the first lien holder on the 99 year ground lease at issue, sought foreclosure of the same. On April 24, 2012, appellee also filed a motion for the appointment of a receiver pursuant to the authority granted in the mortgage. An Order appointing The Hayman Company of Ohio as the receiver was filed on April 30, 2012.  However, after Waynesburg Centre, Ltd. filed a motion seeking a stay of the appointment of a receiver, the appointment was stayed and a hearing was scheduled for June 4, 2012.

{¶3}   Waynesburg Centre, Ltd. filed an answer to the complaint on May 21, 2012 and Galen Oakes filed an answer on May 21, 2012. As memorialized in an Order filed on June 18, 2012, the trial court vacated the stay and ordered that the receivership be effective as of June 19, 2012.

{¶4}   Appellee filed a Motion for Summary Judgment. Galen Oakes filed a response to the Motion for Summary Judgment on September 4, 2012. Galen Oakes was dismissed from the action on July 18, 2013 pursuant to a Dismissal Entry. An Agreed Judgment Entry and Decree of Foreclosure was filed on the same date, granting judgment to appellee against Waynesburg Centre, Ltd. On January 20, 2017, a joint motion was

filed to amend the order appointing the receiver and extend the existing receivership over certain adjacent additional property. The motion was granted pursuant to an Order filed on February 6, 2017. The February 6, 2017 Order was vacated on February 13, 2017.

{¶5}   On October 18, 2017, the Receiver moved the trial court for authority to sell the receivership property by public auction free and clear of all claims, liens, encumbrances and other interests and also to approve procedures for such sale, schedule an auction, set bid deadlines and establish notice procedures An Order approving auction sale procedures and establishing notice procedures was filed on November 2, 2017.  The Order provided the Receiver with authority to sell the property at auction without the need for approval from the ground lessors.

{¶6}   The auction was conducted by Zeta Bid and Resolve Commercial, LLC was the successful bidder. On May 23, 2018, the Receiver filed a motion for an order confirming the sale of the receivership property to Resolve Commercial, LLC for $200,000.00 and the motion was granted on June 7, 2018.  However, after Resolve Commercial, LLC did not close the sale, the Receiver, on August 27, 2018, filed a motion to hold Resolve Commercial, LLC in contempt.

{¶7}   The Receiver, as approved by the trial court, notified other bidders from the auction that the Receivership Property was still for sale.

{¶8}   On November 1, 2018, counsel for the ground lessors, who were Staci Jo Wolf and James Gianelli, filed a motion for an oral hearing to consider offers to purchase the receivership  property and the interest of the ground lessors.  A hearing was scheduled for December 19, 2018. Thereafter, on November 13, 2018, the Receiver filed a motion for an order approving the sale of the receivership property to appellant

Waynesburg Holdings, LLC, the "bidder with the highest and best offer on the resale of the Receivership Property." The Receiver, in such motion,   stated, in relevant part, as follows:

{¶9}   "As an initial offer, the Purchaser proposed to pay the receivership estate $200,000 as consideration for the purchase of the Receivership Property, subject to due diligence.  After due diligence was performed, the Purchaser lowered its bid to $50,000 based upon the condition of the property and other considerations.  Based upon the Purchaser's due diligence and in consideration of the factors presented by the Purchaser, the Receiver believes that $50,000 is the highest and best purchase price for the Receivership Property."

{¶10} Appellee, on December 13, 2018, filed a memorandum in support of the sale of the Receivership Property to appellant.

{¶11} A hearing before the trial court was held on December 19, 2018.  The trial court, in a Judgment Entry filed on January 2, 2019, noted that a prospective buyer secured by the ground lessors, namely Joseph Sarchione, had notified the Receiver that the prospective buyer was prepared to purchase the property for $60,000.00, which was $10,000.00 more than the price accepted by the Receiver.  The trial court stated, in relevant part, as follows: "the Receiver chose to accept the bid of Waynesburg Holding LLC for the sale agreement. However, it is this Court's opinion that this Court still maintains the authority to make the determination of the final buyer." The trial court ordered that Sarchione had 45 days to contact the Receiver and conduct the necessary paperwork to make the transaction.

**{¶12}** Thereafter, on January 11, 2019, appellant filed a Motion to Intervene as an additional party defendant pursuant to Civ.R. 24, noting that it had been the successful bidder at the auction. The trial court, as memorialized in a Judgment Entry filed on January 18, 2019, denied the motion.

**{¶13}** Appellant then appealed from the January 2, 2019 and January 18, 2019 Judgment Entries, raising the following assignments of error on appeal:

**{¶14}** "I. THE TRIAL COURT ERRED BY FAILING TO FOLLOW THE ESTABLISHED AUCTION SALE PROCEDURES AND, FURTHER, BY FAILING TO COMPLY WITH THE RECEIVERSHIP STATUTE AS IT PERTAINS TO THE SALE OF PROPERTY."

**{¶15}** "II. THE TRIAL COURT SHOWED BIAS IN FAVOR OF A LOCAL, IN-STATE NON-BIDDER AND PREJUDICE TO THE APPELLANT, WHICH IS AN ENTITY OWNED BY OUT-OF-STATE MEMBERS, IN VIOLATION OF THE U.S. CONSTITUTION."

**{¶16}** "III. THE TRIAL COURT ERRED BY ALLOWING JOSEPH SARCHIONE, WHO DID NOT BID AT THE DULY AUTHORIZED AUCTION, TO PURCHASE THE PROPERTY."

**{¶17}** "IV. THE TRIAL COURT ERRED BY FAILING TO PERMIT WAYNESBURG HOLDINGS, LLC TO INTERVENE IN THIS MATTER AFTER IT RENDERED A JUDGMENT ALLOWING JOSEPH SARCHIONE, A NON-BIDDER, NON-PARTY, TO PURCHASE THE PROPERTY AT ISSUE HEREIN."

I

**{¶18}** Appellant, in its first assignment of error, argues that the trial court erred by failing to follow the established auction procedures and by failing to comply with the receivership statute as it pertains to the sale of the property. Appellant notes that Joseph Sarchione was not a proper bidder pursuant to the trial court's auction order and argues that the only valid bid was appellant's bid. According to appellant, if the trial court chose not to confirm the sale to appellant, its only recourse was to order another auction of the Receivership Property.

**{¶19}** R.C. 2735.04, which outline the powers of a receiver, states, in relevant part, as follows:

**{¶20}** (A) The powers of a receiver shall be set forth in the order of the court that appointed the receiver as those powers may be modified by the court or as otherwise approved by the court upon application of the receiver or a party to the action.

**{¶21}** (B) Under the control of the court that appointed the receiver as provided in section 2735.01 of the Revised Code, the receiver may do any of the following:

**{¶22}** (D)(1)(a) Subject to the approval and supervision of the court and the requirements of this section, a receiver may sell property free and clear of liens by private sale pursuant to a written contract between the receiver and the prospective purchaser, by private auction, by public auction, or by any other method that the court determines is fair to the owner of the property and all other parties with an interest in the property, is reasonable under the circumstances, and will maximize the return from the property to the receivership estate, taking into account the potential cost of holding and operating the property.

**{¶23}** (b) Before entering an order authorizing the sale of the property by the receiver, the court may require that the receiver provide evidence of the value of the property. That valuation may be provided by any evidence that the court determines is appropriate. In a public or private auction, the court may establish a minimum bid.

**{¶24}** (c) If the receiver requests authority to sell the property pursuant to a prospective purchase contract and if warranted by the circumstances, the court may require that the receiver solicit and consider additional offers. If the receiver ultimately sells the property to a party other than the original proposed purchaser, if approved by the court, the receiver may pay to the unsuccessful original proposed purchaser a reasonable amount of costs and expenses from the sale proceeds in an amount determined by the court to compensate that proposed purchaser for participation in the sale process to the extent that participation brought value to the receivership.

**{¶25}** It has long been recognized that the trial court is vested with sound discretion to appoint a receiver. *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 73, 573 N.E.2d 62 (1991). The Supreme Court of Ohio has held that R.C. 2735.04, which sets forth the powers a trial court may grant to a receiver, is broad enough to enable "the trial court to exercise its sound judicial discretion to limit or expand a receiver's powers as it deems appropriate," subject to appellate review for abuse of discretion. *State ex rel. Id. at* 74. An abuse of discretion occurs where a trial court's decision is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶26}** The trial court, in paragraph 8 of its November 2, 2017 Judgment Entry Approving Auction Sale, had specifically retained jurisdiction over any matter or dispute

arising from or relating to its Order. Furthermore, paragraph 10 of the Judgment Entry states as follows:

**{¶27}** "Following the Auction End Date, and after the Receiver declares a Winning Bidder in accordance with the Auction Sale Process, Receiver shall file a motion with the Court within ten (10) days of identification of the Winning Bidder and the Auction End Date, seeking confirmation and approval of the Sale of Real Estate and seeking certain findings that (i) the sale of Real estate and selection of such Winning Bidder was in accordance with this Order and the Auction Sale Process; and (ii) consummation of the Sale of Real Estate as contemplated in the Winning Bid will provide the highest or otherwise best value for the Real Estate and is in the best interests of the receivership estate pursuant to the Sale Order."

**{¶28}** In the case sub judice, as noted by appellees, appellant, in its December 13, 2018 Memorandum in support of Sale, stated that the receiver believed that $50,000.00, which was appellant's offer, was the highest and best price for the Receivership Property. This occurred after the original winning bid of $200,000.00 was not fulfilled.

**{¶29}** We concur with appellees that the trial court acted within its discretion in modifying its sale procedures and allowing the Receiver to sell the property to a non-bidder. R.C. 2735.04(D)(1)(c) authorized the trial court, which had to approve any sale of the property, to permit the Receiver to solicit and consider other offers. The trial court, through its actions, maximized the return from the property.

**{¶30}** Appellant's first assignment of error is, therefore, overruled.

II

**{¶31}** Appellant, in its second assignment of error, contends that the trial court showed bias in favor of Joseph Sarchione, a local, in-state non-bidder, and prejudice to appellant, which an entity is owned by out-of-stated members, in violation of the U.S. Constitution.

**{¶32}** According to appellant, the trial court, at the December 2018 hearing, made numerous references to Joseph Sarchione not receiving a "fair shot" at the purchase and made references to him being a local businessman and having local ties. Appellant also maintains that the trial court questioned how appellant would benefit the local community since it is owned by two members from Florida.

**{¶33}** However, the trial court, in acting as it did, clearly was trying to maximize the return from the property as required by R.C. 2735.04(D)(1)(a). Such section authorized a private sale of the property as long as it was reasonable under the circumstances and maximized the return from the property. Moreover, as is stated above, pursuant to R.C. 2735.04(c), the Receiver was authorized by the trial court to solicit and consider additional offers. We note that the trial court, at the December 19, 2018 hearing, voiced concerns over the fact that the price of the property had gone from $200,000.00, the amount the original bid, to $50,000.00 and noted that "60,000 is better than $50,000." Transcript at 19. The trial court also questioned why the Receiver, who was supposed to get the highest price for the property, did not go back and contact appellant to determine if appellant could meet or exceed Sarchione's price. In, short, we find no abuse of discretion.

**{¶34}** Appellant's second assignment of error is, therefore, overruled.

III

{¶35} Appellant, in its third assignment of error, argues that the trial court erred by allowing Joseph Sarchione, who did not bid at the authorized auction, to purchase the property.

{¶36} However, as is stated above, R.C. 2735.04(D)(1)(a) states as follows:

{¶37} "Subject to the approval and supervision of the court and the requirements of this section, a receiver may sell property free and clear of liens by private sale pursuant to a written contract between the receiver and the prospective purchaser, by private auction, by public auction, or by any other method that the court determines is fair to the owner of the property and all other parties with an interest in the property, is reasonable under the circumstances, and will maximize the return from the property to the receivership estate, taking into account the potential cost of holding and operating the property."

{¶38} "By its express language, R.C. 2735.04(D)(1)(a) sets forth various methods by which a receiver, with court approval, may sell property free and clear of liens. They are: a written contract between the receiver and the prospective purchaser; private auction; public auction; or a catch-all provision that permits the court to authorize a sale if the trial court makes additional determinations including a determination that the method of sale will maximize the return from the property to the receivership estate." *Lucas v. Reywal Co., L.P.*, 10th Dist. No. 17AP-479, 2019-Ohio-27, paragraph 23. The trial court was within its authority to allow a private sale of the property to Sarchione.

{¶39} Appellant's third assignment of error is, therefore, overruled.

IV

{¶40} Appellant, in its fourth assignment of error, maintains that the trial court erred by failing to permit appellant to intervene in this action after the trial court allowed Joseph Sarchione, a non-bidder, non-party, to purchase the property at issue.

{¶41} As is stated above, on January 11, 2019, appellant filed a Motion to Intervene as an additional party defendant pursuant to Civ.R. 24, noting that it had been the successful bidder at the auction. The trial court, as memorialized in a Judgment Entry filed on January 18, 2019, denied the motion.

{¶42} We review a trial court's decision on a motion to intervene for abuse of discretion. *State ex rel. N.G. v. Cuyahoga Cty. Court of Common Pleas*, 147 Ohio St.3d 432, 2016-Ohio-1519, 67 N.E.3d 728, ¶ 21, citing *State ex rel. Merrill v. Ohio Dept. of Natural Resources*, 130 Ohio St.3d 30, 2011-Ohio-4612, 955 N.E.2d 935.

{¶43} Civ.R. 24 states, in relevant part, as follows: "(C) Procedure. A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Civ.R. 5. The motion and any supporting memorandum shall state the grounds for intervention and shall be accompanied by a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of this state gives a right to intervene."

{¶44} In turn, Civ. R. 7(A) provides as follows: "(A) Pleadings. There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Civ.R. 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer."

**{¶45}** Upon review of the record, appellant's motion to intervene was not accompanied by a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention was sought. Accordingly, the trial court properly denied appellants' motion for failure to comply with Civil Rule 24(C) on that basis alone. *Avanti Corp. v. Morelli Realty Corp.,* 5th Dist., Stark App.2005CA00147, 2005–Ohio–6698. See also *Deutsche Bank Natl. Trust Co. v. Hill*, 5th Dist. Perry No. 14 CA 00021, 2015-Ohio-1575, 2015 WL 1875906.

**{¶46}** Appellant's fourth assignment of error is, therefore, overruled.

**{¶47}** Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, Earle, J. concur.