[Cite as *Richards v. Hilligas*, 2017-Ohio-4277.]

STATE OF OHIO, HARRISON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| VIKKI RICHARDS, et al. | ) | CASE NO. 14 HA 0002 |
| | ) | |
| PLAINTIFFS-APPELLEES | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| RALPH EUGENE HILLIGAS, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS:        Civil Appeal from the Court of Common
                                 Pleas of Harrison County, Ohio
                                 Case No. CVH 2011-0105

JUDGMENT:                        Reversed and Remanded.

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                 Dated:  June 12, 2017

[Cite as *Richards v. Hilligas*, 2017-Ohio-4277.]
APPEARANCES:

For Lower Valley Farm, LLC:

Atty. David E. Butz
Atty. Gregory W. Watts
Atty. Matthew W. Onest
Krugliak, Wilkins, Griffiths
  & Dougherty Co., L.P.A.
4775 Munson Street, N.W.
P.O. Box 36963
Canton, Ohio  44735-6963


For Vikki Richards, et al.:

Atty. Peter A. Lusenhop
Atty. Gregory D. Russell
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio  43216-1008

Atty. Steven A. Chang
Vorys, Sater, Seymour & Pease, LLP
106 S. Main Street, Suite 1100
Akron, Ohio  44308

For Ralph Hilligas, et al.:

Atty. Mark Beetham
146 South Main Street,
P.O. Box 128
Cadiz, Ohio  43907-0128

WAITE, J.

**{¶1}** Appellant Lower Valley Farm, L.L.C. ("Lower Valley") appeals the January 3, 2014 decision of the Harrison County Common Pleas Court to deny its motion to intervene. The motion to intervene stems from an action regarding the ownership of mineral interests between Co-Appellees Vikki Richards and Timothy Maloney and Co-Appellees Ralph Eugene Hilligas, Beth Newberry Backus, Kay J. Schlafer, Jill D. Dickerson, Wilma Matusik, Church Builders Plus Inc., Anderson University, Church of God Ministries Inc., and Park Place Church of God Inc. (collectively referred to as "Appellees"). Lower Valley argues that it should have been permitted to intervene because it holds an interest in the minerals and no other party to the underlying action can adequately protect that interest. For the reasons that follow, Lower Valley's arguments have merit and the judgment of the trial court is reversed. The matter is remanded to the trial court with instructions to grant Lower Valley's motion to intervene in the underlying action.

<u>Factual and Procedural History</u>

**{¶2}** On February 1, 1923, George A. and Lorain Hilligas conveyed the surface rights to property located in Shortcreek Township, Harrison County to Kehota Mining Co. This appeal concerns 83 acres of that property. The Hilligases reserved the mineral interests in the land through the following language:

EXCEPTING AND RESERVING unto said Grantors, the heirs and assigns, all the oil and gas within and under said above described premises with the right of removing same, together with all rights and

privileges necessary for drilling and operating on said premises for the purpose of removing and marketing said oil and gas.

(2/1/1923 Deed.) The deed was recorded on May 29, 1923. Sometime thereafter, Lorain Hilligas died and her one-half interest transferred as follows: one-third to her surviving husband, George; one-third to her son, Paul Hilligas; and one-third to her daughter, Agnes Newberry.

{¶3} On August 31, 1967, Paul died. His interest was transferred to his surviving spouse, Co-Appellee Wilma Matusik. Agnes died sometime thereafter and her interest was transferred to her husband, Gene A. Newberry. On Gene's death, the interest was transferred to the Hilligas heirs: Jill D. Dickerson, Kay J. Schlafer, Beth Newberry Backus, Church Builders Plus, Inc., Anderson University, Church of God Ministries, Inc., and Park Place Church of God, Inc. Each heir except for the religious institutions received a one-eighth interest. The various religious institutions split a one-eighth interest.

{¶4} On July 25, 2001, Edward L. Seleski obtained the surface rights to the property. This deed was recorded on August 20, 2001. On August 6, 2001, the Estate of Edward Seleski transferred the surface rights to Michael H. and Cheryl A. Wilt. Their deed was recorded on August 20, 2001. On December 11, 2001, the Estate of Edward Seleski recorded a deed which transferred a one-half interest in the minerals to a group of Seleski heirs. On the same date, the estate conveyed a one-half interest to the remaining Seleski heirs in a separate deed. The Wilts later conveyed the property to Co-Appellees Richards and Maloney through three

separate deeds recorded May 26, 2006, July 20, 2005, and May 24, 2004. The deeds included the Hilligas reservation and an apparent reservation by the Seleski heirs.

{¶5} On October 19, 2011, Richards and Maloney filed a complaint seeking quiet title or, alternatively, partition against the Hilligas heirs (Ralph Eugene Hilligas, Beth Newberry Backus, Kay Schlafer, and Jill Dickerson). The trial court later ordered Richards and Maloney to add the following Hilligas heirs as codefendants: Wilma Matusik, Church Builders Plus Inc., Anderson University, Church of God Ministries Inc., and Park Place Church of God. On June 14, 2012, Richards and Maloney filed an amended complaint to include these parties as codefendants. On August 16, 2012, the Hilligas heirs filed an answer and a counterclaim. The parties completed discovery.

{¶6} On August 21, 2013, the Seleski heirs transferred their interests to Lower Valley, an LLC comprised of Seleski heirs. On October 9, 2013, one month before the dispositive motion deadline, Lower Valley filed a motion to intervene pursuant to Civ.R. 24. Lower Valley argued that the Hilligas heirs abandoned their interests pursuant to the 1989 DMA and that those interests vested in Edward Seleski. As such, the LLC is the actual mineral interest holder, because its mineral interests were acquired from the Estate of Edward L. Seleski. After holding a hearing, the trial court denied Lower Valley's motion to intervene. This timely appeal followed.

### Final Appealable Order

**{¶7}** Appellees argue that the trial court's denial of Lower Valley's motion to intervene is not a final appealable order. The Ohio Supreme Court has held that the denial of a motion to intervene does not always constitute a final appealable order. *Gehm v. Timberline Post & Frame,* 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519. However, the denial of intervention in a special proceeding may be a final appealable order when the court's decision in the pending matter would have a considerable effect on the property rights of the proposed intervenor. *Southside Community Dev. Corp. v. Levin,* 116 Ohio St.3d 1209, 2007-Ohio-6665, 878 N.E.3d 1048, ¶ 6, citing *Morris v. Investment Life Ins. Co.*, 6 Ohio St.2d 185, 187, 217 N.E.2d 202 (1966); *Gautam Sansai Environmental Technologies, L.L.C.,* 8th Dist. No. 95459, 2011-Ohio-223, citing *Morris, supra,* at 187.

**{¶8}** Here, it is apparent that the trial court's decision would have a considerable effect on Lower Valley's asserted property rights. As such, the trial court's decision refusing to allow intervention constitutes a final appealable order. Appellees contend that *Gehm* requires a contrary decision. However, the *Levin* Court reiterated that even in *Gehm* the Court determined that a trial court's decision regarding a request to intervene is final and appealable when the underlying matter cannot be litigated in a subsequent action. *Levin* at ¶ 8. According to the parties, Lower Valley attempted to file a subsequent action to protect its rights in the matter and Appellees raised *res judicata* as a defense to that action. Because *res judicata* appears to preclude Lower Valley from proceeding in a subsequent action, Lower Valley would be left without any means of protecting its alleged property interests.

Accordingly, the trial court's denial of Lower Valley's motion to intervene here is a final appealable order.

## Standard of Review

**{¶9}** The parties disagree on the applicable standard of review. While Lower Valley admits that the denial of a motion to intervene is generally subject to an abuse of discretion review, it argues that the standard of review is *de novo* when the proposed intervenor has a vested interest in the relevant property. Conversely, Appellees contend that the denial of a motion to intervene is always reviewed for an abuse of discretion.

**{¶10}** We have consistently held that a trial court's denial of a motion to intervene is reviewed for an abuse of discretion. See *Yemma v. Reed,* 7th Dist. No. 16 MA 0015, 2017-Ohio-1015, ¶ 25; *Wells Fargo Bank, N.A. v. Brooks,* 7th Dist. No. 15 CO 0010, 2016-Ohio-8561, ¶ 15; *Yeater v. Bob Betson Enterprises,* 7th Dist. No. 04-BE-46, 2005-Ohio-6943, ¶ 12. These decisions are in accord with the Ohio Supreme Court's Opinion in *State ex rel. N.G. v. Cuyahoga Cty. Court of Common Pleas, Juvenile, Div.,* 147 Ohio St.3d 432, 2016-Ohio-1519, 67 N.E.3d 728. An abuse of discretion is more than an error in judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING LOWER VALLEY FARM, LLC'S MOTION TO INTERVENE.

**{¶11}** Pursuant to Civ.R. 24(A), a party can intervene as a matter of right (1) upon timely application, (2) if the applicant claims an interest relating to the property or transaction that is the subject of the action, (3) the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, and (4) the applicant's interest is not adequately represented by existing parties. Civ.R. 24 is to be liberally construed to permit intervention. *Brooks, supra,* at ¶ 14, citing *State ex rel. Merrill v. ODNR*, 130 Ohio St.3d 30, 2011-Ohio-4612, 955 N.E.2d 935, ¶ 41.

**{¶12}** Lower Valley acknowledges in an affidavit filed in this matter that some of its members knew of the pending underlying action, but planned to "sit back and wait to see what happens." (11/14/13 Richards' Affidavit.) Lower Valley explains that these members were not represented by counsel at that time and, as laypeople, did not understand the implications of postponing a decision to join the action. Regardless, Lower Valley argues that Appellees had a duty to include all of its members as codefendants and failed to do so, even though Appellees knew at the time they filed their underlying lawsuit that Lower Valley claimed an interest in the minerals and so, had a right to be made a party to the case.

**{¶13}** When evaluating the timeliness of a motion to intervene, a court may consider the following factors:

(1) the stage of the case; (2) the reason behind intervention; (3) the amount of time before the application during which the movant knew or reasonably should have known of his interest in the case; (4) the

prejudice to the original parties due to the movant's failure to apply promptly for intervention after he knew or reasonably should have known of his interest in the case; and (5) the existence of unusual circumstances weighing in favor or against intervention.

*Yemma* at ¶ 26, citing *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1228 (6th Cir.1984).

**{¶14}** As to the stage of the case at bar, while the parties had completed discovery at the time the motion was filed, the dispositive motion deadline had not yet passed and a trial date had not yet been set. Further, this record reflects that the dispositive motion deadline was later extended on two occasions pursuant to an agreement by the parties. As such, Lower Valley's intervention at this stage of the case would likely not have prejudiced the existing parties.

**{¶15}** Lower Valley's reason for intervention is compelling. Lower Valley believes that it owns the mineral interests at issue in the underlying case and, as later discussed, would be unable to protect its interest if not permitted to intervene. We note that the Richards/Maloney plaintiffs knew of Lower Valley's interests in the underlying case, yet failed to name Appellant a party defendant in the matter.

**{¶16}** Although there is some evidence that at least two members of Lower Valley were aware the underlying action had been filed and failed to promptly intervene, these individuals are laypeople who did not understand that they could lose their right to protect their asserted interest if they waited too long to seek to join the lawsuit. Again, there was no prejudice to Appellees. In fact, resolution of Lower Valley's claims may benefit the existing parties. If Lower Valley is allowed to

intervene in this suit, it may serve to prevent or end other, similar lawsuits and thus, promote judicial economy. Under these facts, Lower Valley's motion to intervene was timely.

**{¶17}** As to the remaining Civ.R. 24 factors, Lower Valley argues that it has an interest in the minerals involved in the underlying matter and it will lose the ability to protect this interest if it is unable to intervene. Lower Valley asserts that although it would present the same 1989 DMA arguments as Richards/Maloney, its interests are adverse to those of Richards/Maloney because Richards/Maloney have argued that if the 1989 DMA applies, they would own the mineral interests in question, not Lower Valley. This adverse nature of interest may explain why Richards/Maloney failed to name Appellant as a party defendant in the underlying action at the outset. We also note, here, that the Ohio Supreme Court's recent decision in *Corban v. Chesapeake Exploration L.L.C.,* __ Ohio St.3d __, 2016-Ohio-5796, __ N.E.3d __ may put a decisive end to all of these claims. Regardless, the parties have a right to their day in court to be heard on the issue.

**{¶18}** Lower Valley acknowledges that the trial court apparently suggested that it could file a subsequent action to protect its interests. However, it claims that when it did file such action, Appellees raised as a defense the issue that Lower Valley was barred by *res judicata* from asserting those claims in the later suit. Appellees admitted at oral argument that they raised *res judicata* in the subsequent trial court action. If *res judicata* applies, which it appears that it may, Lower Valley would be left with no way to protect its asserted interest, here. As such, disposition

of this action without allowing Lower Valley to intervene would clearly impede its ability to protect those interests and it was an abuse of discretion not to allow the intervention. Accordingly, Lower Valley's sole assignment of error has merit and the judgment of the trial court is reversed. Lower Valley's motion to intervene in the underlying action should be granted.

## Conclusion

{¶19} Lower Valley argues that the trial court improperly denied its motion to intervene in the underlying action. As Appellees have raised *res judicata* to bar Appellant's claims in a subsequent action, the trial court's denial of Lower Valley's motion to intervene would leave Lower Valley unable to protect its claimed property interests. Accordingly, Lower Valley's argument has merit and the judgment of the trial court is reversed. This matter is remanded to the trial court with instructions to grant Lower Valley's motion to intervene in the underlying suit.

Donofrio, J., concurs.

DeGenaro, J., concurs.