[Cite as *Pabin v. Eberle*, 2019-Ohio-2728.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MONROE COUNTY

PHILIP F. PABIN ET AL.,

Plaintiffs-Appellees,

v.

ELLA EBERLE ET AL.,

Defendants-Appellants.

---

**OPINION AND JUDGMENT ENTRY**
Case Nos. 18 MO 0008 and 18 MO 0009

---

Civil Appeal from the
Court of Common Pleas of Monroe County, Ohio
Case No. 2015-346

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed in Part. Reversed in Part

---

*Atty. C. Keith Plummer*, Tribbie, Scott, Plummer & Padden, 139 West Eighth Street, P.O. Box 640, Cambridge, Ohio 43725, for Plaintiffs-Appellees, and

*Atty. Thomas White, Atty. Matthew Kearney, Atty. Katherine Kimble*, White Law Office, 209 North Washington Street, Millersburg, Ohio 44654 and *Atty. Craig Wilson*, C.J. Wilson Law, LLC, P.O. Box 2879, Westerville, Ohio 43086, for Defendants-

Appellees (Gerald Cramer et al.), and *Atty. David Schaffner,* Schaffner Law Offices Co., L.P.A., for Defendants-Appellants (Donald C. Cameron, et al.), and *Atty. David Wigham, Atty. Sara Fanning,* Roetzel & Andress, LPA., 222 South Main Street, Suite 400, Akron, Ohio 44308, for Defendants-Appellants (Larry Kearns et al.).

Dated:
June 28, 2019

**Donofrio, J.**

{¶1} Defendants-appellants, Larry Kearns, Karrie Kearns, Lisa Timmons, Randy Timmons, Penny Hersman, and Kim Hersman (the Kearns appellants), appeal the judgment of the Monroe County Common Pleas Court quieting title to oil and gas rights in favor of defendants-appellees, Gerald Cramer, Mary Ella Cramer, Betty Kelly, Edgar Kelly, Judy Eberle, Paul Eberle Jr., and Karen Eberle (the Cramer appellees).

{¶2} In a separate appeal, defendants-appellants, Donald Cameron, Gloria Cameron, and ODMA Resources, LLC (the Cameron appellants), appeal the trial court's award of summary judgment in the same oil and gas rights in favor of plaintiffs-appellees, Philip and Christina Pabin (the Pabin appellees).

{¶3} This case involves two appeals: one from the Kearns appellants (Case No. 18 MO 0009) and one from the Cameron appellants (Case No. 18 MO 0008). This court consolidated the two appeals since both sets of appellants are, in part, appealing the same judgment entry. We will begin with the Kearns appellants' assignments of error and a recitation of the facts and events relevant to their appeal.

{¶4} In 1924, Lewis and Ella Eberle owned the surface and all mineral rights to real property in Monroe County, Ohio. On September 11, 1924, Lewis and Ella conveyed 1/32 of the oil and gas rights of the property to F.H. Ward and J.H. Cooper (the Ward reservation). This left Lewis and Ella with the remaining 31/32 of the oil and gas rights. The disposition of the Ward reservation is not at issue in this appeal.

{¶5} On October 5, 1944, Lewis died testate naming Ella his sole heir. This made Ella the sole owner of the surface rights to the property and the sole owner of oil and gas rights to the property minus the Ward reservation.

**{¶6}** In late 1961, Ella sold the surface rights of the property to Emmet and Stella Huffman. In this conveyance, Ella reserved her entire oil and gas interest in the property (the Eberle reservation).

**{¶7}** On April 4, 1973, Ella died intestate. Ella left four heirs: Arnold Eberle, Paul Eberle, Emmett Huffman, and Clyde Eberle. Each of Ella's heirs inherited an equal 1/4 share of the Eberle reservation. In addition to the 1/4 of the Eberle reservation, Emmet and Stella Huffman also owned the surface rights to the property.

**{¶8}** All four of Ella's direct heirs have since died but have left heirs of their own. Arnold Eberle's heirs are appellees Gerald and Mary Ella Cramer. Paul Eberle's heirs are appellees Betty Kelly, Edgar Kelly, Judy Eberle, Paul Eberle Jr., and Karen Eberle. Emmett Huffman's heir was Stella Huffman. When Stella Huffman died, her heir was Donald Cameron. Clyde Eberle's heir is Eileen Eberle.

**{¶9}** On May 11, 1976, Stella Huffman sold her rights to the property, including the surface, to Kenneth Huffman (the Huffman deed). On April 12, 1982, Kenneth Huffman sold his rights to the property to Chester Pabin (the Chester deed). On May 19, 1999, Chester Pabin sold his rights to the property to the Pabin appellees (the Pabin deed).

**{¶10}** On October 8, 2015, Eileen Eberle recorded an oil and gas lease she entered into with Eclipse Resources. Eileen leased her entire interest in the Eberle reservation to Eclipse Resources.

**{¶11}** On October 22, 2015, the Pabin appellees filed this action seeking to quiet title to all outstanding mineral and oil and gas interests in the property on the basis that they were abandoned under the 1989 Dormant Mineral Act (DMA). The Pabin appellees also filed a motion and an affidavit to serve all defendants by publication. The trial court approved service by publication on October 28, 2015. Service by publication began on December 7, 2015.

**{¶12}** On January 12, 2016, Eileen Eberle died. Eileen's heirs are appellant Penny Hersman and Vicky Kearns. On March 5, 2016, Vicky Kearns died. Vicky's heirs are appellants Larry Kearns and Lisa Timmons.

{¶13} Between February 16, 2016 and May 5, 2016, many parties appeared in this action by either filing an answer, an answer and a counterclaim, or a motion for leave to file an answer. But the Kearns appellants did not appear in this action at this time.

{¶14} The Cramer appellees filed their answer to the Pabin appellees' complaint on May 5, 2016. Their answer did not contain a counterclaim or cross-claim and sought the following relief: the complaint be dismissed with prejudice, title to the subject minerals be quieted to Defendants in the amount of their respective interest, defendants be awarded damages in an amount to be determined at trial, and defendants be awarded costs and reasonable attorney's fees.

{¶15} The Cramer appellees filed the first motion for summary judgment on July 25, 2017. This motion not only sought summary judgment on the Pabin appellees' claims, but also argued that the Cramer appellees were entitled to the non-answering defendants' interests in the Eberle reservation. This included the Kearns appellants' interest in the Eberle reservation.

{¶16} On August 14, 2017, the Pabin appellees filed a motion for default judgment against all non-answering defendants; including the Kearns appellants. On the same day, the Pabin appellees filed a response to the Cramer appellees' motion for summary judgment.

{¶17} On August 17, 2017, the Kearns appellants filed an "unopposed motion to intervene." The Kearns appellants argued that they were unaware of this action until they hired counsel to represent them in a separate matter. When their counsel was conducting research on the separate matter, he discovered that this matter was pending. The motion explained that counsel for the Pabin appellees had consented to the intervention. The motion also contained an answer and counterclaim. The trial court granted this motion and deemed their answer and counterclaim filed on August 21, 2017.

{¶18} On October 17, 2017, the trial court ruled on the pending dispositive motions. The trial court held that 50% of the Eberle reservation was quieted in favor of appellees Gerald and Mary Ella Cramer and the other 50% was quieted in favor of appellees Betty Kelly, Judy Eberle, and Paul Eberle, Jr. This judgment entry categorized the Kearns appellants as non-answering defendants.

Case Nos. 18 MO 0008; 18 MO 0009

**{¶19}** After the October 17, 2017 judgment entry was filed, several motions by multiple parties were filed. Among these motions was one from the Kearns appellants seeking clarification of the trial court's October 17, 2017 ruling that they were non-answering defendants when the trial court granted their motion to intervene.

**{¶20}** The numerous motions led the trial court to issue a judgment entry on November 8, 2017. This judgment entry made two rulings. First, it vacated the October 17, 2017 dispositive motion ruling. Second, it vacated the August 21, 2017 ruling permitting the Kearns appellants' intervention. The trial court vacated the Kearns appellants' intervention on the basis that the motion was only served on the Pabin appellees and not on other defendants in this action and therefore, it was not unopposed as the Kearns appellants argued.

**{¶21}** On January 31, 2018, the Pabin appellees filed another motion for default judgment. The Pabin appellees argued that they were entitled to default judgment against all non-answering defendants, including the Kearns appellants. Several other motions for summary judgment and memos in opposition to summary judgment were also filed.

**{¶22}** On April 26, 2018, the trial court ruled on all pending motions. The trial court readdressed the Kearns appellants' motion to intervene. The trial court held that the Kearns appellants were not permitted to intervene because their motion was filed almost two years after the Pabin appellees filed this action. Thus, the trial court held that the motion was untimely and intervention would have prejudiced the Cramer appellees.

**{¶23}** The trial court then addressed all outstanding dispositive motions. Relevant to the Kearns appellants' appeal, the trial court held that the Pabin appellees were barred from asserting any claim pursuant to the 1989 DMA pursuant to the Ohio Supreme Court's decision in *Corban v. Chesapeake Exploration, L.L.C.*, 149 Ohio St.3d 512, 2016-Ohio-5796, 76 N.E.3d 1089. Addressing the Eberle reservation, the trial court also held that the Pabin appellees had no claim to any interest held by the Cramer appellees or the Kearns appellants. Regarding the Kearns appellants' 1/4 of the Eberle reservation (that they inherited from Eileen Eberle), the trial court awarded it to the Cramer appellees as follows: 50% to Gerald and Mary Ella Cramer and 50% to Betty Kelly, Judy Johnson, and Paul Eberle Jr.

**{¶24}** On May 3, 2018, the Kearns appellants filed a motion to partially vacate the trial court's April 26, 2018 judgment. The Kearns appellants argued that the trial court lacked personal jurisdiction over Eileen Eberle's interest in the Eberle reservation because neither they nor Eileen were properly served notice of this action. Both the Pabin appellees and the Cramer appellees opposed this motion.

**{¶25}** The Kearns appellants timely filed a notice of appeal on May 25, 2018. After this appeal was filed, the trial court denied the Kearns appellants' motion to partially vacate judgment. This court held that the trial court's ruling on the motion to partially vacate was null and void and remanded this matter to the trial court to reissue its ruling on the motion to vacate. The trial court reissued its judgment entry on the motion to vacate on July 10, 2018.

**{¶26}** The Kearns appellants now raise four assignments of error. Since the Kearns appellants' second and third assignments of error are dispositive, we will address them out of order and start with the third assignment of error.

**{¶27}** The Kearns appellants' third assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SET ASIDE THE ORDER GRANTING APPELLANTS [sic] LEAVE TO INTERVENE IN THIS CASE.

**{¶28}** The Kearns appellants argue that they consulted with the Pabin appellees' counsel prior to filing their motion to intervene which is why it was presented as "unopposed." They also argue that they were permitted to intervene in the case as of right and the trial court's order vacating their intervention in the case was error.

**{¶29}** The standard of review on a motion to intervene is abuse of discretion. *State ex rel. N.G. v. Cuyahoga Cty. Court of Common Pleas, Juvenile Div.*, 147 Ohio St.3d 432, 2016-Ohio-1519, 67 N.E.3d 728, ¶ 21. The standard of review on a trial court's judgment vacating a previous order is also abuse of discretion. *Quick v. Jenkins*, 7th Dist. Columbiana No. 13 CO 4, 2013-Ohio-4371, ¶ 24. An abuse of discretion is more than an error of law or judgment; it implies that the trial court's judgment was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶30}** The Kearns appellants filed their "unopposed motion to intervene" on August 17, 2017. This motion explained that "[c]ounsel for plaintiffs has consented to the granting of this motion." On August 21, 2017, the trial court granted this motion. On November 8, 2017, the trial court vacated the August 21, 2017 order because a copy of the motion was never sent to counsel for the Cramer appellees. But the certificate of service on the Kearns appellants' motion to intervene indicates a copy was sent to Craig J. Wilson. At the time, Wilson was one of the attorneys representing the Cramer appellees. The others, who were not listed on the certificate of service, were Thomas D. White and Matthew A. Kearney of the White Law Office.

**{¶31}** The trial court's April 26, 2018 judgment entry clarifies that the order granting the Kearns appellants' intervention was set aside for three reasons: it improperly represented that it was unopposed, it was untimely, and allowing the Kearns appellants' intervention would prejudice the Cramer appellees.

**{¶32}** The Kearns appellants argue that they should have been permitted to intervene as of right. Intervention as of right is governed by Civ.R. 24(A). This rule provides, in relevant part, that upon a timely application, anyone shall be permitted to intervene in an action "when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Civ.R. 24(A)(2).

**{¶33}** Thus, a motion to intervene as of right has four elements. First, it must be timely. Second, the applicant must have an interest in the property or transaction that is the subject of the action. Third, disposition of the action may impair or impede the applicant's ability to protect that interest. Fourth, the applicant's interest is not adequately represented by existing parties.

**{¶34}** It is undisputed that the second, third, and fourth elements are met. The Kearns appellants have an interest in the Eberle reservation, which is the subject of this action. The disposition of this action would impair or impede their ability to protect their interest in the Eberle reservation. No existing party adequately represented the Kearns

appellants' interest because the Cramer appellees were ultimately awarded their share of the Eberle reservation.

**{¶35}** The Cramer appellees do argue that the Kearns appellants' motion to intervene was untimely. The Pabin appellees' complaint was filed on October 22, 2015. Service by publication was completed on January 21, 2016. In a judgment entry dated December 6, 2016, the trial court issued the following scheduling order: discovery cutoff date was June 30, 2017, dispositive motion deadline was July 31, 2017, responses deadline was August 14, 2017, and the replies deadline was August 28, 2017. But it was not until August 17, 2017, about 20 months after the complaint was filed and about two weeks after the dispositive motion deadline, when the Kearns appellants filed their motion to intervene.

**{¶36}** Whether a Civ.R. 24 motion is timely depends on the facts and circumstances of each case. *State ex rel. First New Shiloh Baptist Church v. Meagher*, 82 Ohio St.3d 501, 503, 696 N.E.2d 1058 (1998). The facts and circumstances are:

> "(1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention."

*Id.* quoting *Triak Co. v. TRW, Inc.*, 724 F.2d 1224, 1228 (C.A.6. 1984).

**{¶37}** Addressing the point to which the suit had progressed, the Kearns appellants' filed their motion to intervene almost 20 months after the original complaint was filed and two weeks after the dispositive motion deadline. Moreover, two months after the Kearns appellants filed their motion to intervene, the trial court issued its first ruling on summary judgment motions. Therefore, this factor does not weigh in favor of intervention.

**{¶38}** Addressing the purpose for the intervention, the Kearns appellants claimed a 1/4 interest in the Eberle reservation. As the disposition of the Eberle reservation was one of the central issues of this action, they had a right to defend their interest. Therefore, this factor weighs in favor of intervention.

**{¶39}** Addressing the length of time preceding the application during which the proposed intervenor knew or should have known about their interest in this case, the Cramer appellees submitted with the trial court the affidavit of one of the Cramer appellees, Betty Kelly. This affidavit was filed with the trial court on February 14, 2018 along with the Cramer appellees' response to the Kearns appellants' motion for summary judgment. This affidavit states that appellee Betty discussed this action in 2015 with many family members, including her cousin Eileen Eberle. (Aff. of B. Kelly ¶ 5-6). It also states that appellee Betty discussed this action with one of the Kearns appellants, Penny Hersman, at Eileen's funeral in early 2016. (Aff. of B. Kelly ¶ 8). Based on this affidavit, at least one of the Kearns appellants had independent knowledge of this action for over a year before they filed the motion to intervene.

**{¶40}** But the Kearns appellants argue that this affidavit should not be considered because it was not sworn before a notary public. This is not accurate. The affidavit filed with the trial court has an appropriate notary seal. Because there is evidence that one of the Kearns appellants had knowledge of this action for over one year prior to filing the motion to intervene, this factor does not weigh in favor of intervention.

**{¶41}** Addressing prejudice to the original parties, according to the motion to intervene, the Pabin appellees originally consented to the Kearns appellants' intervention, which indicates a lack of prejudice to the Pabin appellees. The Pabin appellees do not dispute their consent to the intervention. Also, the Kearns appellants' intervention would have no effect on any of the defendants claiming an interest in the Ward reservation as the Kearns appellants only claimed an interest in the Eberle reservation.

**{¶42}** As for the other defendants claiming an interest in the Eberle reservation, at the time the motion to intervene was filed, there was no indication of prejudice. No other defendant filed a cross-claim seeking the Kearns appellants' interest in the Eberle reservation. The pleadings indicate that the defendants only wanted to preserve their respective interests in the Eberle reservation, including the Cramer appellees. Moreover,

on August 29, 2017, about one week after the trial court granted the Kearns appellants' intervention, the Cramer appellees filed a response to the Pabin appellees' motion for default judgment. In this response, the Cramer appellees argued that "[e]ach non-answering defendant must remain in possession of any right, title, and interest they possess in the underlying property *despite inaction to answer*." (emphasis added). Therefore, this element weighs in favor of intervention.

**{¶43}** Addressing the existence of unusual circumstances militating against or in favor of intervention, the trial court vacated its original ruling on summary judgment motions and subsequently issued a new dispositive motion schedule. Moreover, when the trial court initially ruled on summary judgment motions on October 17, 2017, there is no indication in the record that it intended to declare the Kearns appellants as non-answering defendants.

**{¶44}** Additionally, the Kearns appellants argue this case is similar to *Richards v. Hilligas*, 7th Dist. Harrison No. 14 HA 2, 2017-Ohio-4277. *Richards* concerned a quiet title action to oil and gas rights in Harrison County, Ohio. About one month before the dispositive motion deadline, Lower Valley, LLC moved to intervene in the action arguing that it was the true holder of the mineral interests. *Id.* at ¶ 6. After a hearing, the trial court denied the motion. *Id.*

**{¶45}** Lower Valley appealed arguing that even though its members knew of the action and wanted to "sit back and see what happens," the appellees in that action knew Lower Valley asserted a claim to the minerals and Lower Valley should have been permitted to litigate the matter. *Id.* at ¶ 12. This court held that Lower Valley's motion was timely for four reasons. One reason was because even though some of Lower Valley's members knew of the action, they were laypeople who did not understand the implication of failing to intervene. *Id.* at ¶ 16. In this case, pursuant to *Richards*, the Kearns appellants are lay people who did not understand the implication of failing to intervene.

**{¶46}** Additionally, the Kearns appellants' interest could have been adequately represented by the Cramer appellees. But it was not until the first set of motions for summary judgment when the Cramer appellees indicated that they sought the Kearns

appellants' interest in the Eberle reservation. Therefore, the unusual circumstances in this case weigh in favor of intervention.

**{¶47}** In conclusion, the Kearns appellants satisfied the elements of intervention as of right and the trial court abused its discretion when it vacated the Kearns appellants' intervention.

**{¶48}** Accordingly, the Kearns appellants' third assignment of error has merit and is sustained.

**{¶49}** The Kearns appellants' second assignment of error states:

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED DEFAULT JUDGMENT TO THE [CRAMER] APPELLEES.

**{¶50}** The Kearns appellants argue that it was improper for the trial court to grant their interest in the Eberle reservation to the Cramer appellees via default judgment because the Cramer appellees never filed a cross-claim in this action.

**{¶51}** The decision to grant default judgment is reviewed under an abuse of discretion standard. See *McEnteer v. Moss*, 9th Dist. Summit Nos. Civ.A. 22201, Civ.A. 22220, 2005-Ohio-2679, ¶ 6 quoting *Natl. City Bank v. Shuman*, 9th Dist. Summit No 21484, 2003-Ohio-6116.

**{¶52}** Default judgments are governed by Civ.R. 55 which provides, in relevant part:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation

Case Nos. 18 MO 0008; 18 MO 0009

of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

Civ.R. 55(A).

{¶53} The Cramer appellees filed a motion for leave to plead on February 16, 2016 and filed their answer on May 5, 2016. The Cramer appellees' answer does not contain a cross-claim against any defendant. Their answer seeks the relief of, among other things, "[t]itle to the subject minerals be quieted to Defendants in the amount of their respective interest." At no point did the Cramer appellees file an amended answer, cross-claim, or seek as relief shares of the Eberle reservation belonging to any other interest holder.

{¶54} The Cramer appellees did file two separate motions for summary judgment. The first one dated July 25, 2017 argued that they are entitled to the mineral interests belonging to non-answering defendants pursuant to R.C. 2721.02(A) and R.C. 5303.01. But the ruling on this motion, the October 17, 2017 judgment entry, was vacated by the trial court on November 8, 2017. In the Cramer appellees' second motion for summary judgment dated January 31, 2018, they again argued that the Kearns appellants were non-answering defendants and therefore, the Kearns appellants' interest in the Eberle reservation vested in them.

{¶55} Despite the fact that both of the Cramer appellees' motions for summary judgment sought the Kearns appellants' interest in the Eberle reservation, the Kearns appellants argue that it was improper for the trial court to award their interest in the Eberle Reservation to the Cramer appellees because the Cramer appellees did not request such relief in their answer. In support of this argument, the Kearns appellants cite Civ.R. 54(C) which says "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."

{¶56} In further support, the Kearns appellants cite this court's decision in *State ex rel. DeWine v. A & L Salvage*, 7th Dist. Columbiana No. 11 CO 39, 2013-Ohio-664. In *DeWine*, the State of Ohio brought a civil action against A & L seeking damages the state incurred after closing an A & L facility for Ohio EPA violations. *Id.* at ¶ 5-7. The state's amended complaint sought monetary damages for numerous violations as well as "any

further relief that is necessary." *Id.* at ¶ 7. After A & L failed to file a responsive pleading, the state moved for default judgment. *Id.* at ¶ 8. The motion for default judgment requested a later hearing to determine an appropriate civil penalty as well as "all payments, signing bonuses and royalties received from the A & L Salvage landfill * * * which would specifically include all oil, gas, coal and mineral rights royalties." *Id.* The trial court granted the state's motion for default judgment and set a future hearing on the civil penalty. *Id.* at ¶ 9. After the civil penalty hearing, in addition to monetary damages, the trial court ordered A & L to transfer and record a 99-year lease of all oil, gas, coal, and/or mineral rights to the property at issue in favor of the Ohio EPA. *Id.* at ¶ 10.

**{¶57}** A & L appealed arguing, among other things, that the award of the 99-year lease violated Civ.R. 54(C) because the state's amended complaint did not seek such a lease as part of its relief. *Id.* at ¶ 24-26. The state's amended complaint sought as relief "any and all payments, signing bonus[es], and royalties" A & L received, which included mineral, oil, and gas royalties. *Id.* at ¶ 24.

**{¶58}** This court held that the award of the 99-year lease to the state was error for three reasons. Relevant to this appeal, this court concluded that the lease was a violation of Civ.R. 54(C) because it was an award different in kind from what the state prayed for in its amended complaint. *Id.* at ¶ 29.

**{¶59}** The Cramer appellees argue that Civ.R. 54(C) does not apply because the Kearns appellants neglected defending this action. This argument does not have merit. Civ.R. 54(C) provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." A default judgment is a judgment against a party who has failed to plead or otherwise defend an action. Civ.R. 55(A). Because the trial court granted default judgment against the Kearns appellants in favor of the Cramer appellees, Civ.R. 54(C) does apply.

**{¶60}** At no point during this action did the Cramer appellees file a cross-claim against the Kearns appellants seeking declaratory judgment or quiet title. The only time the Cramer appellees sought any kind of judgment against the Kearns appellants was in motions for summary or default judgment. Moreover, in their answer, the Cramer appellees requested: the complaint be dismissed with prejudice, title to the subject minerals be quieted to Defendants in the amount of their respective interest, defendants

Case Nos. 18 MO 0008; 18 MO 0009

be awarded damages in an amount to be determined at trial, and defendants be awarded costs and reasonable attorney's fees. They did not request that the Kearns appellants' interest in the Eberle reservation be declared abandoned or extinguished and vested in the Cramer appellees. Thus, the trial court erred in granting the Cramer appellees the Kearns appellants' interest in the Eberle reservation. Civ.R. 54(C) does not permit an award different in kind than what the Cramer appellees sought.

{¶61} Since the trial court's award of the Kearns appellants' interest in the Eberle reservation in favor of the Cramer appellees was different in kind from what the Cramer appellees sought in their pleadings, the trial court abused its discretion when it quieted title in favor of the Cramer appellees to the detriment of the Kearns appellants

{¶62} Accordingly, the Kearns appellants' second assignment of error has merit and is sustained.

{¶63} The Kearns appellant's first assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE MOTION TO VACATE.

{¶64} The Kearns appellants' fourth assignment of error states:

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED APPELLANTS' MOTION FOR SUMMARY JUDGMENT.

{¶65} Based on our resolution of the Kearns appellants' second and third assignments of error, the Kearns appellants' first and fourth assignments of error are moot.

{¶66} The trial court erred in vacating its judgment permitting the Kearns appellants' intervention. The Kearns appellants should have been permitted to intervene in this action as set out above.

{¶67} Moreover, the Cramer appellees do not have a valid claim in this case to the Kearns appellants' interest in the Eberle reservation as they never filed a cross-claim. The trial court erred in quieting title in favor of the Cramer appellees to the detriment of the Kearns appellants.

{¶68}  We now turn to the Cameron appellants' assignment of error and a supplemental recitation of the facts and events relevant to their appeal.  After Ella Eberle died, Emmet Huffman owned the surface rights to the property as well as 1/4 of the Eberle reservation.

{¶69}  At some point in time, Emmet Huffman died testate.  Emmet's last will and testament dated September 12, 1968, left all property to Stella Huffman.

{¶70}  On May 11, 1976, Stella Huffman sold her rights in the property to Kenneth Huffman via the Huffman deed.  The Huffman deed did not create a new oil and gas reservation.  But the Huffman deed excepted and reserved the coal sold by prior grantors and excepted the oil and gas royalty reserved or excepted by prior grantors.

{¶71}  On April 12, 1982, Kenneth Huffman sold his interests in the property to Chester Pabin via the Chester deed.  The Chester deed contained no new reservations.  But the Chester deed was subject to other reservations created by previous grantors.

{¶72}  On May 19, 1999, Chester Pabin sold his interests in the property to the Pabin appellees via the Pabin deed.

{¶73}  After the Pabin appellees filed this action, the Cameron appellants filed their answer and counterclaim.  Donald and Gloria Cameron are their heirs to Stella Huffman.  ODMA Resources claimed Donald and Gloria assigned it the interest in the Eberle reservation that was previously owned by Emmett and Stella Huffman.

{¶74}  The Cameron appellants filed a motion for summary judgment on November 3, 2017.  They argued that there was no genuine issue of material fact that Stella Huffman reserved her share of the Eberle reservation in the Huffman deed.  They argued that because Stella reserved her interest in the Eberle reservation, Kenneth Huffman could not have transferred said interest to Chester Pabin via the Chester deed and Chester Pabin could not have transferred said interest to the Pabin appellees via the Pabin deed.

{¶75}  In the trial court's April 26, 2018 judgment entry, it held that the entire Eberle reservation vested in the Pabin appellees and the Cramer appellees.  As for Stella Huffman's 1/4 interest of the Eberle reservation, the trial court held that it was owned by the Pabin appellees.  The trial court noted that in a subsequent transaction, the Pabin appellees sold 50% of what was Stella Huffman's interest of the Eberle reservation to the

Cramer appellees. The distribution of what was Stella Huffman's share of the Eberle reservation was as follows: 50% to the Pabin appellees, 12.5% to Gerald and Mary Ella Cramer, 12.5% to Betty and Edgar Kelly, 12.5% to Judy Eberle, and 12.5% to Paul Jr. and Karen Eberle.

**{¶76}** The Cameron appellants timely filed a notice of appeal on May 25, 2018. They now raise one assignment of error.

**{¶77}** The Cameron appellants' sole assignment of error states:

> THE TRIAL COURT ERRED WHEN IT HELD THAT APPELLANTS'
> OIL AND GAS INTEREST AND ROYALTY INTERESTS WERE
> TRANSFERRED IN THE DEED FROM STELLA HUFFMAN TO KENNETH
> HUFFMAN IN 1976.

**{¶78}** The Cameron appellants argue that the trial court erred when it held Stella Huffman transferred her interest in the Eberle reservation to Kenneth Huffman via the Huffman deed. They argue that Stella Huffman explicitly reserved her interest in the Eberle reservation in the Huffman deed.

**{¶79}** An appellate court reviews a trial court's summary judgment decision de novo, applying the same standard used by the trial court. *Ohio Govt. Risk Mgt. Plan v. Harrison*, 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, ¶ 5. A motion for summary judgment is properly granted if the court, upon viewing the evidence in a light most favorable to the nonmoving party, determines that: (1) there are no genuine issues as to any material facts; (2) the movant is entitled to judgment as a matter of law, and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. Civ.R. 56(C); *Byrd v. Smith*, 110 Ohio St. 3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10.

**{¶80}** Summary judgment is appropriate when there is no genuine issue as to any material fact. A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.,* 104 Ohio App.3d, 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

**{¶81}** The Cramer appellees argue that the Cameron appellants waived this assignment of error by not filing a timely motion for summary judgment. The trial court issued its original ruling on dispositive motions on October 17, 2017. The trial court then vacated that ruling and issued a new dispositive motion schedule on November 8, 2017. The Cameron appellants did not file their motion for summary judgment until November 3, 2017.

**{¶82}** Civ.R. 56(A) provides that "[a] party may move for summary judgment at any time after the expiration of the time permitted under these rules for a responsive motion or pleading by the adverse party * * *." The Cameron appellants' motion was filed five days before the trial court issued a new dispositive motion schedule. Therefore, it was timely filed.

**{¶83}** The trial court held that, upon Ella Eberle's death, Emmett Huffman owned the surface rights to the property as well as 1/4 of the Eberle reservation. The trial court then held that Emmett Huffman's interest in the Eberle reservation merged with the surface upon Ella Eberle's death. Upon Emmett Huffman's death, Stella Huffman inherited the merged surface and 1/4 of the Eberle reservation. The trial court held that because the Huffman deed from Stella Huffman to Kenneth Huffman did not contain a new reservation, Stella Huffman sold the mineral interests to Kenneth Huffman. Kenneth Huffman later sold his interest to Chester Pabin via the Chester deed and Chester sold his interests to the Pabin appellees via the Pabin deed.

**{¶84}** A copy of the Huffman deed was attached to the Pabin appellees' January 31, 2018 motion for summary and default judgment as exhibit C. The Huffman deed contains two mineral reservations. The first states "EXCEPTING AND RESERVING the coal heretofore sold by prior Grantors." The second states "EXCEPTING the oil and gas royalty reserved or excepted by prior Grantors."

**{¶85}** The Cameron appellants argue the Huffman deed expressly reserved the oil and gas royalty of the property in favor of Stella Huffman and, therefore, said royalty did not transfer to Kenneth Huffman. The Cramer appellees argue that the surface rights and Emmett Huffman's interest in the Eberle reservation merged and the Huffman deed did not create a new reservation.

{¶86}    This court explained the elements of merger in *Headley v. Ackerman*, 7th Dist. Monroe No. 16 MO 0010, 2017-Ohio-8030.  In *Headley*, this court held that in order to constitute a merger, "two estates must be in one and the same person, at one and the same time, and in one and the same right." *Id.* at ¶ 32.  "The question of whether there will be a merger of a lesser and greater estate under circumstances which might permit a merger is a matter of intention and substantial justice." *Id.*

{¶87}    The Cramer appellees argue that there were two instances where Emmett Huffman's share of the Eberle reservation merged with the surface.  The first was upon Ella Eberle's death.  The second, alternatively, was upon Emmett Huffman's death.

{¶88}    Addressing Ella Eberle's death, upon her death, Emmett Huffman became the owner of the surface rights and 1/4 of the Eberle reservation.  While the surface and a portion of the Eberle reservation existed in Emmett Huffman at the same time, there was no intent to merge the surface and Emmett's 1/4 of the Eberle reservation as Ella Eberle died intestate.  There is also no indication in the record that Emmett Huffman recorded anything indicating that the surface and his 1/4 of the Eberle reservation were to merge.

{¶89}    Addressing Emmett Huffman's death, his last will and testament dated September 12, 1968 contained only one bequest; that Stella Huffman receive "absolutely and in fee simple, all the property, real and personal, of every kind and description wheresoever situate, which I may own or have the right to dispose of at the time of my decease."  This satisfies the elements of merger as the surface rights and 1/4 of the Eberle reservation existed in Stella Huffman at the same time.  Emmett Huffman's will also expressed his intent for the surface and his share of the Eberle reservation to exist in the same person at the same time.  As such, Stella Huffman's portion of the Eberle reservation merged with the surface upon Emmett Huffman's death.

{¶90}    With Stella's portion of the Eberle reservation merged with the surface, Stella would need a new reservation in any future conveyances to retain the oil and gas rights to the property.  But the Huffman deed does not contain any new reservations.  The Huffman deed contains two tracts of land.  The first tract contains two exceptions.  The first states "EXCEPTING AND RESERVING the coal heretofore sold by prior Grantors."  The second states "EXCEPTING the oil and gas royalty reserved or accepted by prior

Grantors." Neither of these are a reservation of the oil and gas rights in favor of Stella Huffman.

**{¶91}** The second tract of land contains one reservation. It states "EXCEPTING AND RESERVING from this deed 0.75 acre, more or less, as conveyed by Lewis Eberle and Ella Eberle, husband and wife, to John Gillespie by Warranty Deed dated April 12, 1913 * * *." This is also not an oil and gas reservation in favor of Stella Huffman. Because Stella Huffman did not reserve an interest in the minerals or oil and gas in the property, Stella sold her entire interest in the property to Kenneth Huffman via the Huffman deed. As neither the Chester deed nor the Pabin deed expressly reserved an oil and gas royalty, the Pabin appellees were owners of Stella Huffman's portion of the Eberle reservation.

**{¶92}** Accordingly, the Cameron appellants' sole assignment of error lacks merit and is overruled.

**{¶93}** For the reasons stated above, the trial court's judgment regarding the Cameron appellants is hereby affirmed. The trial court's judgment vacating the Kearns appellants' intervention is hereby reversed. The Kearns appellants are permitted to intervene. The trial court's judgment quieting title in favor of the Cramer appellees to the detriment of the Kearns appellants is also hereby reversed. Judgment is entered in favor of the Kearns appellants quieting title to their 1/4 of the Eberle reservation.

**{¶94}** The total distribution of the Eberle reservation is as follows: the Cramer appellees own a collective total of 62.5% of the Eberle reservation; the Kearns appellants own a collective total of 25% of the Eberle reservation; and the Pabin appellees own a collective total of 12.5% of the Eberle reservation.

Waite, P. J., concurs.

D'Apolito, J., concurs.

For the reasons stated in the Opinion rendered herein, the Cameron appellants' sole assignment of error lacks merit and is overruled. The Kearns appellants' second and third assignments of error have merit and are sustained. The Kearns appellants' first and fourth assignments of error are moot. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Monroe County, Ohio is hereby affirmed as it pertains to the Cameron appellants and reversed as it pertains to the Kearns appellants. The Kearns appellants are permitted to intervene and judgment is hereby entered in their favor quieting title to their 1/4 of the Eberle reservation. In Case No. 18 MO 0008, costs are taxed to the Cameron appellants. In Case No. 18 MO 0009, costs are taxed to the Cramer appellees.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**