[Cite as *State ex rel. DeWine v. E.I. Du Pont de Nemours & Co.*, 2020-Ohio-197.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| State of Ohio, ex rel.<br>Michael DeWine[1]<br>Attorney General of Ohio, | : | Case No. 19CA15 |
| | : | |
| Plaintiff-Appellee, | : | **DECISION &**<br>**JUDGMENT ENTRY** |
| v. | : | |
| E.I. Du Pont de Nemours and Co.,<br>et al., | : | |
| | : | **Released on 1/16/20** |
| Defendants-Appellees. | : | |

_____

Hess, A.J.

**{¶1}** On July 5, 2019, the Little Hocking Water Association ("Little Hocking") filed a notice of appeal from the Washington County Court of Common Pleas' order denying its motion to intervene. After reviewing the notice of appeal, this Court issued a Magistrate's Order stating that the challenged order may not be a final appealable order and directing Little Hocking to file a memorandum addressing whether we have jurisdiction to consider the appeal. Little Hocking filed a memorandum in support of jurisdiction on August 5, 2019, and Appellee State of Ohio filed a memorandum contra jurisdiction on August 19, 2019. Appellees E.I. Du Pont de Nemours and Co. and The Chemours Company[2] (collectively, "DuPont") did not file a response. After reviewing the memoranda and relevant case law, we find that the trial court's order is not a final

---

[1] Dave Yost is the current Attorney General of Ohio.
[2] The Chemours Company is a publicly traded company that was "spun off" of E.I. Du Pont de Nemours and Co. It assumed the operations, assets, and certain limited liabilities of DuPont's performance chemicals business. Complaint at ¶ 13.

appealable order and therefore this Court lacks jurisdiction. Accordingly, we **DISMISS** this appeal.

I. Procedural History

{¶2}   On February 8, 2018, the State filed a complaint against DuPont asserting it had contaminated Ohio's natural resources with perfluorooctanoic acid ("PFOA") – a toxic substance. The State contends that PFOA has been found in the Ohio River as well as in Ohio groundwater, surface water, soils, and biota. The State asserts that DuPont knew of the danger of the PFOA contamination via aerial emissions and discharges into the Ohio River from its Washington Works Plant located near Parkersburg, West Virginia, but continued to release PFOA at the plant and to dispose of PFOA-containing waste at several Ohio landfills. The State seeks to "recover all past and future costs to investigate, remediate, and restore lands and waters of the State contaminated by PFOA * * *" and "[i]n its own right and in its capacity as trustee for the public, * * * to abate the public nuisance created by DuPont's PFOA, and seeks damages for injuries to Ohio resulting from the contamination." Complaint at ¶ 8.

{¶3}   The complaint includes counts of: (1) negligence; (2) public nuisance; (3) statutory nuisance; (4) trespass; and (5) punitive damages. In its prayer for relief, the State seeks: (1) an award of compensatory damages; (2) damages for injury to Ohio natural resources, including the economic impact to the State and its residents; (3) any other damages, including punitive or exemplary damages, as permitted by law; (4) present and future costs to clean up PFOA contamination and to abate the nuisance created by the presence of PFOA in Ohio's natural resources and public trust property; (5) a declaration of DuPont's duty to indemnify Ohio for all expenditures of money the

State is legally obligated to undertake in connection with PFOA contamination in Ohio; (6) restitution damages for the profits DuPont obtained; (7) pre and post-judgment interest; (8) costs and attorneys' fees; and (9) such other relief as the court may deem just and proper.

{¶4} On October 12, 2018, Little Hocking filed a motion to intervene as a plaintiff to assert declaratory and injunctive claims. Specifically, Little Hocking sought to ensure that no relief granted in the action would adversely affect DuPont's obligations under the Ohio EPA permit and under a confidential settlement the parties had reached to resolve a federal lawsuit Little Hocking had filed against DuPont for contaminating its wellfields. Little Hocking also did not want any remedial actions taken that would affect Little Hocking's rights, property, or business without its input and/or authorization. Finally, Little Hocking sought the costs of litigation including attorneys' fees. Both the State and DuPont opposed the motion to intervene.

{¶5} On June 4, 2019, the trial court issued its order denying Defendants' motion to dismiss and Little Hocking's motion to intervene. As related to the denial of the motion to intervene, the court stated:

> Little Hocking Water Ass'n moves the Court to intervene in this case arguably to shed light on the issues and to be of assistance to the State of Ohio. Neither party supports Little Hocking's entry into the fray. Secondly, Little Hocking and Defendants have previously done battle. See Little Hocking Water Ass'n v. DuPont, Case No. 2;09CV1081, 210 WL 3447632 [sic] (S.D. Ohio, Aug. 30, 2010[)]. In order to satisfy the elements necessary for intervention as per Civil Rule 24, Little Hocking must demonstrate that it has a legal interest that is direct, substantial and protectable. The Court does not believe it has done do [sic]. It's [sic] Motion to Intervene is denied.

Little Hocking filed its notice of appeal from this order.

II.  Relevant Law and Analysis

{¶6}    It is well established that an order must be final before it can be reviewed by an appellate court.  See Section 3(B)(2), Article IV of the Ohio Constitution.  *See, also, General Acc. Ins. Co. v. Insurance Co. of North American*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).  If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss the appeal.  *Lisath v. Cochran*, 4th Dist. Lawrence No. 92CA25, 1993 WL 120627 (Apr. 15, 1993); *In re Christian*, 4th Dist. Athens No. 1507, 1992 WL 174718 (July 22, 1992).

{¶7}    "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met."  *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 5.  Therefore, the threshold requirement is that the order satisfies the criteria of R.C. 2505.02.  *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶ 36.  "There is no authority to support the general proposition that [the denial of a] motion to intervene always constitutes a final, appealable order."  *Id.*  Rather, the inquiry is dependent on the facts at hand.

{¶8}    R.C. 2505.02(B)(1) provides "an order is a final order that may be reviewed, affirmed, modified, or reversed, * * * when it is * * * an order that affects a substantial right in an action that in effect determines the action and prevents a judgment."  R.C. 2505.02(A)(1) defines a substantial right as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect."  The parties agree that a motion to intervene is a right recognized by Civ.R. 24 and, therefore, is a substantial right as

defined by R.C. 2505.02(A)(1). *Gehm* at ¶ 29. Accordingly, we must determine whether the trial court's order denying intervention "in effect determines the action and prevents a judgment."

**{¶9}** Little Hocking asserts that it satisfies this standard because "this action is the only opportunity for Little Hocking to assert its claims that arise from those made by the State." It contends that the cleanup of the PFOA contamination sought by the State will include Little Hocking's wellfields and the aquifer it uses for its groundwater; therefore, Little Hocking's declaratory judgment and injunctive relief claims are directly tied to the relief the State seeks and its claims cannot be made in the Southern District of Ohio. Little Hocking posits that "[i]ntervention in this proceeding is the sole means for Little Hocking to protect its property rights and business interests from the impacts of the remediation sought by the State."

**{¶10}** The State contends that the order denying intervention does not in effect determine the action or prevent a judgment as to Little Hocking because Little Hocking has not demonstrated that its proposed claims "arise from" the State's claims. Rather, Little Hocking is attempting to assert claims for relief based on contingencies that may not occur, i.e. the State may be unsuccessful on its claims and the issue of remediation may not reach fruition. The State also contends that the denial of the intervention motion "does not preclude [Little Hocking] from litigating any *actual* impact on its property rights that may arise in the future." The State further argues that Little Hocking's interests can be protected just as the rest of the public affected by these proceedings is protected – through public input and comments.

**{¶11}** In *Gehm*, the Supreme Court found that the denial of a motion to intervene did not "in effect determine[] the action and prevent[] a judgment" when the intervenor could litigate its claims in another case. *Gehm* at ¶ 31. After reviewing the filings and the arguments of both parties, we find that Little Hocking can protect and litigate its claims in another case and, therefore, it is not a final appealable order under 2505.02(B)(1).

**{¶12}** Although *Gehm* involved future litigation available to the intervenor, we find that Little Hocking's past litigation against DuPont likewise provided it with a sufficient avenue to protect its interests and litigate its claims such that the denial of intervention did not determine the action or prevent a judgment in its favor. Moreover, although Little Hocking states that it seeks intervention – at least in part – to protect the terms of the confidential settlement agreement, we agree with the State's contention that Little Hocking can protect those terms through an enforcement action in federal court. Moreover, Little Hocking has not identified any specific "claims" it has that arise out of the State's claims; rather, it appears that Little Hocking has already filed and resolved its claims against DuPont but is now seeking a second opportunity.

**{¶13}** We note that Little Hocking has cited two cases in support of its contention that the denial of its intervention is a final appealable order – *Gautam v. Sansai Environmental Teachnologies, LLC*, 8th Dist. Cuyahoga No. 95459, 2011-Ohio-223 and *Richards v. Hilligas*, 7th Dist. Harrison No. 14 HA 0002, 2017-Ohio-4277. However, we find both to be distinguishable from the facts at issue here.

**{¶14}** In *Gautam*, an appointed receiver for leased property brought a forcible entry and detainer action against a tenant. Worm Digest, Inc. sought to intervene

asserting that it also used space on the premises and owned "certain property," i.e. "earthworms and vermiculture," located thereon that could be affected by the action. Although the *Gautam* court references R.C. 2505.02(B)(1), it appears to be determining whether the order in that case was a final appealable order under R.C. 2505.02(B)(2), "an order that affects a substantial right made in a special proceeding * * *." Little Hocking does not argue that R.C. 2505.02(B)(2) applies here.

{¶15} Moreover, in concluding the order was final and appealable, the 8th District found that the denial of the motion "had the effect of determining the action as to appellant, because it prevented appellant, which claimed to be another leaseholder, from asserting a possessory interest in the property." *Id.* at ¶ 9. As we have already noted, Little Hocking has not been prevented from asserting its rights to clean up of its property and/or restitution for the damages caused by DuPont. It previously brought a federal lawsuit and reached a confidential settlement to address its property rights.

{¶16} In *Richards*, the proposed intervenor argued it should have been permitted to intervene in an action regarding ownership of minerals because it holds an interest in the minerals and no other party could adequately protect its interest. In concluding the denial of the motion to intervene was a final appealable order, the 7th District Court of Appeals also appears to rely on R.C. 2505.02(B)(2) rather than (B)(1). The 7th District concluded that the denial of intervention had a considerable effect on the proposed intervenor's asserted property rights. *Richards* at ¶¶ 7-8. The court also noted that the proposed intervenor had attempted to file a subsequent action to protect its rights and appellees had argued res judicata as a defense to that action. Because res judicata precluded the proposed intervenor from proceeding in a subsequent action, it would be

left without any means of protecting its alleged property interests if not permitted to intervene. *Id.* at ¶ 8.

{¶17} We note that the 7th District did not analyze whether the denial of intervention "in effect determine[d] the action and prevent[ed] a judgment" but rather whether the denial "affected a substantial right." Accordingly, we are not employing the same analysis as in *Richards*. Moreover, Little Hocking participated in a previous action that allowed it to address its property interests and can continue to enforce the confidential settlement agreement. Therefore, it is not in the same position as the proposed intervenor in *Richards* who would be afforded no relief if not permitted to intervene.

## III. Conclusion

{¶18} Because the trial court's order does not meet the requirements of R.C. 2505.02(B)(1), we need not address the applicability of Civ.R. 54(B). We find that the challenged order is not a final appealable order and **DISMISS** this appeal.

{¶19} The clerk is **ORDERED** to serve a copy of this order on all counsel of record and unrepresented parties at their last known addresses by ordinary mail.

Smith, P.J. & Abele, J.: Concur.

FOR THE COURT

_____
Michael D. Hess
Administrative Judge